J-S18030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACEN ASIM KIRKLAND | |
| Appellant | No. 1516 MDA 2015 |

Appeal from the PCRA Order August 10, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000136-2014

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED FEBRUARY 19, 2016**

Jacen Asim Kirkland appeals from the order entered in the Court of Common Pleas of Dauphin County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On April 11, 2014, Kirkland entered a negotiated plea of guilty to one count of sexual assault.  Following an evaluation by the Sexual Offenders Assessment Board, Kirkland was found <u>not</u> to meet the criteria to be classified as a sexually violent predator.  On July 14, 2014, the court sentenced Kirkland to a term of three to six years' incarceration, plus fines and costs.  Kirkland did not file an appeal of his judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On June 11, 2015, Kirkland filed a timely *pro se* PCRA petition in which he alleged that he was serving an illegal sentence based on mandatory sentencing schemes found to be unconstitutional in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). The PCRA court appointed William M. Shreve, Esquire, to represent Kirkland. Upon review of the record, Attorney Shreve determined that the sexual assault charge to which Kirkland pled guilty did not implicate any mandatory minimum sentence provisions, and sought to withdraw his representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On July 16, 2015, the PCRA court granted Attorney Shreve's motion to withdraw and issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Kirkland filed an objection to the court's Rule 907 order and the PCRA court dismissed his petition by order dated August 10, 2015. This timely appeal follows, in which Kirkland claims that the PCRA court erred "in not correcting an illegal sentence."[1] Brief of Appellant, at 1.

Although Kirkland's *pro se* brief is extremely jumbled and difficult to follow, it appears that the gist of his claim is that his sentence is illegal under **Alleyne**. Kirkland states that he "is sentenced under the

---

[1] The PCRA provides relief where a petitioner's "sentence resulted from . . . [t]he imposition of a sentence greater than the lawful maximum." 42 Pa.C.S.A. § 9543(a)(2)(vii). Challenges to the legality of a judgment of sentence cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). Thus, the fact that Kirkland did not raise this claim on direct appeal is of no moment here.

Commonwealth enhancement provision, which jells [sic] a mandatory minimum statute, that's considered facially unconstitutional and void in their [sic] entirety" under **Alleyne**. Kirkland is entitled to no relief.

Here, Kirkland pled guilty to one count of sexual assault and received a sentence of three to six years' imprisonment. This sentence falls within the standard range of the sentencing guidelines, given Kirkland's prior record score and the offense gravity score. No mandatory minimum sentence was implicated in Kirkland's case. Thus, the claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016

- 3 -