J-S23012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUSTIN HALE | |
| Appellant | No. 2883 EDA 2015 |

Appeal from the PCRA Order August 6, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000226-2007

BEFORE: PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J. **FILED MAY 20, 2016**

Appellant, Justin Hale, appeals *pro se* from the order denying his petition pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We conclude that Hale did not plead any viable exceptions to the PCRA's timebar in his patently untimely petition, and therefore affirm.

On July 10, 2007, Hale entered a negotiated open guilty plea to one count of felony first-degree robbery. The Commonwealth withdrew several other charges with the understanding that it would pursue a mandatory minimum sentence due to Hale's possession of a firearm at the time of the robbery. On August 31, 2007, the trial court sentenced Hale to a term of incarceration of six to fifteen years.

---

[*] Former Justice specially assigned to the Superior Court.

Hale did not file post-sentence motions or a direct appeal. On September 2, 2008, Hale filed a timely first PCRA petition. The PCRA court appointed counsel to represent Hale, and counsel filed an amended PCRA petition. After a hearing, the PCRA court denied Hale's petition. This Court affirmed the denial, and the Supreme Court of Pennsylvania denied Hale's petition for allowance of appeal on November 29, 2011.

On June 1, 2015, Hale filed the instant PCRA petition. Shortly thereafter, the PCRA court filed notice of its intent to dismiss Hale's petition without a hearing. Hale filed objections to the PCRA court's notice, but the PCRA court dismissed his petition on August 13, 2015. This timely appeal followed.

As the PCRA court dismissed Hale's petition on timeliness grounds, we must address that issue before any of Hale's other issues on appeal. **See Commonwealth v. Gandy**, 38 A.3d 899, 902 (Pa. Super. 2012) ("[A] question of timeliness implicates the jurisdiction of our Court."). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." **Commonwealth v. Flanagan**, 854 A.2d 489, 509 (Pa. 2004) (citations omitted).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). Hale's second PCRA petition, filed on June 1, 2015, is patently untimely, as his judgment of sentence became final on October 1, 2007. Thus, the PCRA

court did not have "jurisdiction to grant [him] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies." **Commonwealth v. Pursell**, 749 A.2d 911, 914 (Pa. 2000).

Hale has not pled any viable exceptions to the timebar. **See** PCRA petition, filed 6/1/15. Hale does argue that the legality of his sentence is an issue that cannot be waived. **See id**., at p. 6.[1] That is true, but that does not mean the claim is subject to review in an untimely PCRA. **See Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007) ("[W]hen a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review."). Therefore, the PCRA court correctly determined that it was without jurisdiction to entertain Hale's petition.

In his reply brief, Hale argues that he qualifies for a timeliness exception as he claims to have filed his petition within 60 days of learning of **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013). However, **Alleyne** is a court decision announcing a rule of law, which is dealt with under a different timeliness exception. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). Thus, Hale was required to file his petition within sixty days of date **Alleyne** was

---

[1] The pages of Hale's petition are not numbered. For ease of reference we begin numbering the pages after the request for *in forma pauperis* status and the form order attached to the front of Hale's petition.

- 3 -

filed, not sixty days from when he became aware of the decision. *See* 42 Pa.C.S.A. § 9545(b)(2). Furthermore, this Court has held that *Alleyne* is not a decision upon which a petitioner may establish an exception to the PCRA's timebar. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). As a result, Hale's appeal merits no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2016