J-S51034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL P. KING, | |
| Appellant | No. 883 EDA 2015 |

Appeal from the PCRA Order March 13, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0014200-2009
CP-51-CR-0014201-2009

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **Filed October 5, 2016**

Appellant, Michael P. King, appeals *pro se* from the dismissal of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] Specifically, he claims that the trial court erred in denying his petition because the court advocated for the prosecuting

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the judgment of sentence, the trial court's denial of his post-sentence motion, this Court's March 6, 2012 affirmation of the judgment of sentence, and from the August 8, 2012 order of the Pennsylvania Supreme Court denying his petition for allowance of appeal. (**See** Appellant's Brief, at 2). However, Appellant's issues concern the PCRA court's dismissal of his petition without a hearing and allege an illegal sentence, and are cognizable under the PCRA. (**See id.** at 3); 42 Pa.C.S.A. § 9542. Therefore, we consider Appellant's appeal to be from the PCRA court's March 13, 2015 order denying his PCRA petition.

attorney and because it failed to cite authority explaining its reasons for denying relief. Appellant also challenges the legality of his sentence. We affirm.

We take the factual and procedural history in this matter from the PCRA court's December 21, 2015 opinion and our review of the certified record. On May 4, 2010, a jury convicted Appellant of aggravated assault, criminal conspiracy, possession with the intent to deliver a controlled substance, and fleeing or attempting to elude police.[2] On July 13, 2010, the trial court sentenced Appellant to an aggregate sentence of not less than twenty-three and one-half, nor more than forty-seven years of incarceration. (*See* N.T. Sentencing, 7/13/10, at 25).

Appellant timely appealed, and this Court affirmed the judgment of sentence on March 6, 2012. (*See Commonwealth v. King*, 3287 EDA 2010, unpublished memorandum (Pa. Super. filed March 6, 2012)). Our Supreme Court denied Appellant's petition for allowance of appeal on August 8, 2012. (*See Commonwealth v. King*, 48 A.3d 442 (Pa. 2012)).

---

[2] *See* 18 Pa.C.S.A. §§ 2702(a)(1), 903, 35 P.S. 780-113(a)(30), and 75 Pa.C.S.A. § 3733(a), respectively. Appellant's conviction stemmed from his July 24, 2009, shooting of Gregory Smith. After the shooting, Appellant and his co-defendant, Jamar Stamps, led the police on a chase through the streets of Philadelphia, upon conclusion of which police discovered nearly two pounds of marijuana in the bed of the truck that Appellant was driving. (*See* PCRA Court Opinion, at 2-10).

On September 4, 2012, Appellant timely filed his first PCRA petition. The PCRA court appointed counsel who filed an amended petition on February 3, 2014. On July 7, 2014, Appellant filed a request to proceed *pro se*, which the trial court granted on September 26, 2014, following a **Grazier**[3] hearing. Appellant then filed supplemental claims to his PCRA petition on October 23, 2014. The Commonwealth filed a motion to dismiss Appellant's petition on January 29, 2015. Appellant filed objections to the Commonwealth's motion on February 5, 2015.

On February 13, 2015, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Rule of Criminal Procedure 907(1). Appellant did not respond, and the trial court dismissed his petition as meritless on March 13, 2015. (**See** Order, 3/13/15). This timely appeal followed.[4]

Appellant raises three issues for our review:

> 1. [Whether t]he PCRA court's notice to dismiss Appellant's PCRA petition without a hearing was based on the adoption of the Commonwealth's [m]otion to [d]ismiss in advocacy for the prosecuting attorney[;] thus[], denying Appellant his rights to [p]rocedural and substant[ive] [d]ue [p]rocess of [l]aw under the Fifth and Fourteenth Amendments to the United States

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[4] Appellant filed a timely notice of appeal on March 23, 2015. Pursuant to the PCRA court's order, he filed a timely concise statement of errors complained of on appeal on April 3, 2015. **See** Pa.R.A.P. 1925(b). The PCRA court entered its opinion on December 21, 2015. **See** Pa.R.A.P. 1925(a).

Constitution and [A]rticle 1, [S]ection 9, of the Pennsylvania Constitution[?]

2. [Whether t]he PCRA [c]ourt failed to cite controlling legal authority and failed to provide a full explanation of the reasons for denying PCRA relief and/or adopting the district attorney's [m]otion to [d]ismiss[?]

3. [Whether t]he trial court err[ed] in [im]posing an illegal sentence[?]

(Appellant's Brief, at 3) (some argument omitted).

> As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (case citations omitted). "In the instant case, the defects in Appellant's brief are substantial. . . . Nonetheless, in the interest of justice we address the arguments that can reasonably be discerned from this defective brief." ***Id.*** at 252.

Appellant's first two issues address his claim that the court erred in denying his PCRA petition. (***See*** Appellant's Brief, at 4-8). Our standard of review concerning denial of a PCRA petition is well-settled.

> This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford

no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

In his first issue, Appellant claims that the trial court erred by "adopt[ing] the Commonwealth's [m]otion to [d]ismiss in advocacy for the district attorney[.]" (Appellant's Brief, at 6). He argues that "[t]he supporting case-law used by the district attorney does not support the Commonwealth's counter argument and should not have been adopted by the court as grounds to deem Appellant['s] [PCRA] petition as meritless." (*Id.* at 4). We disagree.

Appellant challenges the Commonwealth's citation of cases refuting his argument that his trial counsel was ineffective for not objecting to the court's instruction to the jury wherein it referred to Mr. Smith as the victim. (*See id.* at 4 (citing Commonwealth's motion to dismiss PCRA petition, 1/29/15, at 9)). However, Appellant has failed to demonstrate that the PCRA court ever relied on these cases. Instead, he offers conclusory allegations, without any supporting citation to the record, that the PCRA court erred by adopting the Commonwealth's motion to dismiss. (*See id.* at 5-6). Thus, he has failed to allege that the PCRA court's ruling was not supported by the record or contained legal error. *See Henkel*, *supra* at 20.

Moreover, to the extent that Appellant is arguing that the PCRA court erred in denying his petition because his counsel was ineffective for not

objecting to the court's instruction, (**see generally** Appellant's Brief at 4-6), his argument would not merit relief.

To obtain relief under the PCRA based upon a claim that counsel was ineffective, a petitioner must establish by a preponderance of evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> In Pennsylvania, counsel is presumed effective, and a defendant bears the burden of proving otherwise. In order to be entitled to relief on a claim of ineffective assistance of counsel, the PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying claim has arguable merit; (2) counsel whose effectiveness is at issue did not have a reasonable basis for his action or inaction; and (3) the PCRA petitioner suffered prejudice as a result of counsel's action or inaction. . . .

**Commonwealth v. Steele**, 961 A.2d 786, 796 (Pa. 2008) (citations omitted).

Here, Appellant has failed to plead and prove any of the three prongs of ineffectiveness. Upon review, viewing the evidence of record in the light most favorable to the Commonwealth as prevailing party, we agree with the PCRA court that Appellant has not met his burden of establishing ineffective assistance of counsel, and we conclude that he is not entitled to relief. **See Henkle**, **supra** at 20; **Steele**, **supra** at 796. Appellant's first issue is meritless.

In his second issue, Appellant argues that the PCRA court erred by failing to cite legal authority or provide a full explanation of its reasons for

denying PCRA relief. (**See** Appellant's Brief, at 7-8). Specifically, he contends that the court advocated for the Commonwealth by adopting its motion to dismiss, and it did not comply with Pennsylvania Rule of Appellate Procedure 2119. (**See id.**). We disagree.

Pennsylvania Rule of Criminal Procedure 907 provides that, with respect to petitions for post-conviction collateral relief,

> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

In this case, the PCRA court properly issued notice of its intent to dismiss Appellant's petition as meritless. (**See** Notice, 2/13/15). Appellant failed to respond to the proposed dismissal, and the court thereafter ordered the petition dismissed. (**See** Order, 3/13/15). Thus, we conclude that Appellant has not met his burden to demonstrate that the court's decision was not supported by the record or contained legal error. **See Henkel**, **supra** at 20. Moreover, we note that the requirements of Rule 2119—that briefs should contain argument followed by citation to and discussion of

pertinent authorities, and include references to the place in the record where matters referred to appear—apply to the content of briefs submitted by the parties, not judicial decisions. *See* Pa.R.A.P. 2119. Appellant's second issue is meritless.

Finally, in his third issue, Appellant challenges the legality of his sentence.[5] (*See* Appellant's Brief, at 9). Appellant's argument is unfocused and meandering; however, it appears that he claims that he was sentenced to an unconstitutional mandatory minimum sentence. (*See id.*). We disagree.

Appellant's claim is belied by the record. After a hearing on July 13, 2010, the trial court sentenced Appellant to a period of incarceration of not less than ten nor more than twenty years for aggravated assault; not less than ten nor more than twenty years on criminal conspiracy; not less than two and one-half nor more than five years on PWID; and not less than one nor more than two years on eluding arrest. (*See* N.T. Sentencing, at 24-25). The court imposed its sentence on all counts consecutive to one another. (*See id.*). Appellant was not sentenced to a mandatory minimum on any count. (*See id.*). Thus, Appellant's third claim is frivolous.

Order affirmed.

_____

[5] Appellant failed to include a legality of sentence claim in his Rule 1925(b) statement of errors. However, legality of sentence claims are non-waivable. *See Commonwealth v. Jones*, 932 A.2d 179 (Pa. Super. 2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/2016