J-S58023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| PATRICK L. COOK | |
| Appellant | No. 381 MDA 2016 |

Appeal from the PCRA Order February 4, 2016
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000087-2013
CP-44-CR-0000517-2012

BEFORE:  GANTMAN, P.J., BOWES, and PLATT, * JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 27, 2016**

Patrick L. Cook appeals from the February 4, 2016 order denying PCRA relief.  We *sua sponte* vacate judgment of sentence and remand for resentencing in light of the United States Supreme Court decision in ***Alleyne v. United States***, 33 S.Ct. 2151 (2013).

On November 13, 2013, following a jury trial at which Appellant proceeded *pro se*, but with the assistance of standby counsel, Appellant was convicted of aggravated indecent assault, indecent assault, and corruption of minors.  The offenses were perpetrated between November 2004 and September 2007, and involved two females who were less than thirteen

_____

* Retired Senior Judge assigned to the Superior Court.

years of age. Another offense occurred in July 2010, and involved one of the earlier victims.

Appellant appeared *pro se* at sentencing, but again had the benefit of appointed standby counsel. The trial court imposed an aggregate sentence of eleven to twenty-two years imprisonment based on the application of two five to ten year mandatory minimum sentences for aggravated indecent assault on a child less than thirteen years old.[1] Appellant, who had been determined to be a sexually violent predator, was also advised of the lifetime reporting requirements and what that entailed.

Following pronouncement of sentence, the court advised Appellant of his post-sentence and appeal rights. Specifically, Appellant was told that he had the right to file a written post-sentence motion within ten days stating the particular relief sought. N.T. Sentencing, 2/28/14, at 18. The court also advised Appellant that he had "the same right to assigned counsel as has existed through sentencing." *Id*. at 19. If he chose not to file a post-sentence motion, the court explained that he had the option to appeal to the Superior Court within thirty days. Appellant was provided with a written acknowledgement of post-sentence procedures. Appellant informed the trial court on the record that he wanted a transcript of the proceedings and he

---

[1] The mandatory minimum for aggravated indecent assault on a child was subsequently changed to ten to twenty years imprisonment.

was advised to put that in writing either in his post-sentence motion or in his appeal. *Id*. at 20.

Appellant did not file a direct appeal from judgment of sentence. Rather, on February 23, 2015, he filed a timely *pro se* PCRA petition. The court appointed counsel to represent him, and counsel filed an amended petition on May 7, 2015 on Appellant's behalf. Appellant asserted that the court's failure to conduct a waiver-of-counsel colloquy pursuant to Pa.R.Crim.P. 121 and its denial of his request to permit standby counsel to assume representation during the trial resulted in the violation of his federal and state constitutional right to counsel and so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. Finally, Appellant maintained that although his waiver of right to counsel was voluntary, it was neither knowing nor intelligent, and that his performance at trial was so ineffective as to deprive him of a defense.

The court scheduled a hearing on the amended petition. By order dated July 31, 2015, Matthew M. McClenahen, Esquire, was granted leave to withdraw as counsel[2] and on August 6, 2015, attorney Steven P. Trialonas was appointed as counsel. Counsel filed a second amended PCRA petition on

---

[2] The trial court represents that Attorney McClenahen sought withdrawal due to threats made by Appellant. Trial Court Opinion, 2/4/16, at 3.

October 27, 2015, in which he averred that prior counsel had presented the only issues of merit. Following an evidentiary hearing on December 11, 2015, and the submission of briefs, the PCRA court denied relief on February 4, 2016.

Appellant timely filed the instant appeal on March 4, 2016 and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court adopted its February 4, 2016 opinion as its Rule 1925(a) opinion, having concluded that it addressed the issues identified. Appellant presents two issues for our review:

A. Did the lower court commit an error of law and abuse of discretion by denying Defendant's PCRA on the issue that the *pro se* colloquy was valid?

B. Did the lower court improperly deny Defendant's PCRA with respect to whether his constitutional right to an attorney was violated at the time of trial.

Appellant's brief at 3.

We first outline our standard of review of a PCRA court's ruling:

Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008). The PCRA court's credibility determinations, when supported by the record, are binding on this Court. **Commonwealth v. Johnson**, 600 Pa. 329, 966 A.2d 523, 532, 539 (2009). However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Rios**, 591 Pa. 583, 920 A.2d 790, 810 (2007).

*Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

In order to prevail on a petition for PCRA relief,

a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include a violation of the Pennsylvania or United States Constitution or ineffectiveness of counsel, either of which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i) and (ii). In addition, a petitioner must show that the claims of error have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An issue has been waived "if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S. § 9544(b). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2).

*Id*.

The right to counsel in a criminal proceeding is a fundamental right guaranteed under the Sixth Amendment of the United States Constitution and Pa. Const. Art. 1 §9. Pa.R.Crim.P. 121 embodies the requirements for a colloquy ensuring that a waiver of that fundamental right is given knowingly, voluntarily, and intelligently. Rule 121(A)(2) provides that:

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

- 5 -

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

. . . .

Pa.R.Crim.P. 121.

Appellant contends that the trial court did not conduct the mandated colloquy. The court did not explain the nature of the charges, the elements of the offenses, that Appellant acting *pro se* would be bound by the rules of criminal procedure, and that the failure to raise defenses would be permanently lost. Thus, he contends, his waiver of his right to counsel was not knowing and intelligent. In support of his contention, Appellant adduced the following evidence at the PCRA hearing. He supplied the August 26,

2013 transcript of the proceeding on his motion to withdraw, motion to consolidate, and arraignment. He also tendered the transcript of the November 12, 2013 jury trial. Appellant also took the stand and answered his counsel's hypothetical question:

> Q. Mr. Cook if you had been informed of the elements of the charges that you were facing, if you had been informed of the possible range of sentences that you might receive upon conviction of those charges, if you had been informed that when, there are possible defenses to those charges that an attorney might be aware of , and if they're not raised at trial you might waive them, and if you had been informed that in addition to defenses there are many rights that if not timely asserted could be lost permanently, if you had been informed of those things would your decision to go pro se have remained? Would you still have wanted to represent yourself at trial?
>
> A. Yes.
>
> Q. Yes. You would have wanted to represent yourself?
>
> A. Yes.

N.T. PCRA Hearing, 12/11/15, at 10-11.

We find first, that trial court error in the colloquy was an issue that could have been raised at trial and argued on direct appeal.[3] Thus, under 42

---

[3] When the issue of a defective waiver of counsel colloquy is raised on direct appeal, there is no requirement that an appellant independently prove prejudice. One need only demonstrate that the colloquy was, in fact defective. *See Commonwealth v. Tabu Nazshon Phillips*, 93 A.3d 847, 855 (Pa.Super. 2014) (holding, on direct appeal, "[i]n light of the...court's failure to meet the minimum requirements of Rule 121 and to question Appellant on the qualitative aspects of his waiver of counsel at multiple

*(Footnote Continued Next Page)*

Pa.C.S. § 9544(b)[4], the issue is waived.  However, since Appellant was represented by counsel when the allegedly defective waiver colloquy occurred, and is currently represented by counsel, Appellant also could have asserted the ineffectiveness of trial counsel in failing to object to the allegedly inadequate colloquy herein.  ***See Spotz***, ***supra*** (alleging counsel ineffectiveness for failing to object to the trial court's allegedly ineffective waiver colloquy).  Since Appellant did not assert any claim of ineffective assistance of counsel, however, that claim is waived as well.

Nevertheless, even if this claim was not waived, it would not afford relief.  While appearing to concede that the colloquy did not strictly comply with Pa.R.Crim.P. 121, the PCRA court concluded that Appellant was not entitled to relief as he suffered no prejudice.  The court pointed to

---

*(Footnote Continued)* ————————

critical stages of the proceedings, we are constrained to vacate the judgment of sentence and remand for further proceedings.").

[4] 42 Pa.C.S. § 9544(b) provides:

> (b) ISSUES WAIVED. – For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior postconviction proceeding.

Appellant's own admission that if he had been apprised of the Rule 121 concerns, he would still have chosen to proceed *pro se*.[5]

Moreover, the trial court found that Rule 121's colloquy requirements did not apply where, as here, Appellant's "extreme and serious misconduct acted to forfeit his right to counsel." **Commonwealth v. Kelly**, 5 A.3d 370, 378 (Pa.Super. 2010) (holding Pa.R.Crim.P. 121 and its colloquy requirements do not apply to situations where forfeiture is found). The court pointed to "a pattern of serious misconduct, abuse, threats, and an utter failure to collaborate [in] his own defense." Trial Court Opinion, 2/4/16, at 5. Appellant does not challenge that finding on appeal.[6]

_____

[5] Additionally, the court cited Appellant's "repeated and numerous demands to proceed pro se" and the fact that the court appointed standby counsel. Trial Court Opinion, 2/4/16, at 5. The record reveals that on September 26, 2013, at the pretrial conference, the court asked Appellant if it was still his intention to represent himself. N.T. Pretrial Conference, 9/26/13, at 1. Appellant responded in the affirmative. Appellant added, however, that he wanted to dismiss Mr. Sembach as standby counsel. The court was amenable if Appellant hired a lawyer to represent him. Again, Appellant insisted that he was representing himself, but that he had a problem with Mr. Sembach as standby counsel. The court advised that "pending the entry of an appearance by any other lawyer that you may choose to hire in any capacity, . . I'm not dismissing court-appointed standby counsel." **Id**. at 7. **See Commonwealth v. Kelly**, 5 A.3d 370 (Pa.Super. 2010) (recognizing that the constitutional right to counsel of one's own choice is not absolute and that where court-appointed counsel is involved, a defendant does not have the right to choose other assigned counsel unless a substantial reason exists).

[6] The record contains numerous accounts of Appellant's abusive treatment of both paid and appointed counsel, resulting in the withdrawal of three
*(Footnote Continued Next Page)*

Were we able to overlook Appellant's failure to allege counsel's ineffectiveness, we would find nevertheless that Appellant is not entitled to relief. He was required to plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) that he suffered prejudice because of counsel's action or inaction. *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008) (citing *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)). The prejudice prong proves insurmountable.

*Spotz* and *Mallory* are instructive in this regard. In *Spotz*, the petitioner alleged *inter alia* that the waiver of his right to counsel during the guilt phase of his trial was not voluntary, knowing, or intelligent; that he was not competent to waive this right; that counsel was ineffective for failing to object to the trial court's allegedly inadequate colloquy, and for numerous deficiencies in the defense presented. Noting the Rule 121 requirements for a waiver colloquy, our High Court relied upon its earlier decision in *Commonwealth v. Mallory*, 941 A.2d 686 (Pa. 2008), for the proposition

_(Footnote Continued)_ _____

attorneys. At jury selection, standby counsel Mr. Sembach placed on the record that when he made himself available to Appellant for questions, Appellant told him "shut up, you can leave now." N.T. Jury Selection, 11/4/13, at 20. He testified to other instances of foul language and serious mistreatment by Appellant. In light of our disposition, we need not determine if Appellant's conduct rose to the level of forfeiture of counsel.

that the waiver rules were not the equivalent of the rights the rules were designed to protect. The Court clarified:

> A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional "right." . . . An on-the-record colloquy is a useful procedural tool whenever the waiver of any significant right is at issue, constitutional or otherwise, e.g., waiver of a trial, waiver of the right to counsel, waiver of the right to call witnesses, waiver of the right to cross-examine witnesses, waiver of rules-based speedy trial time limits, etc. But the colloquy does not share the same status as the right itself.

*Spotz*, *supra* at 263 (quoting *Mallory*, *supra* at 697).

Where a petitioner asserts ineffective assistance of counsel based on counsel's failure to object to a defective colloquy, it is not enough to prove that the colloquy was defective; the petitioner must prove prejudice as with any other ineffectiveness claim. To establish prejudice, the petitioner must demonstrate a reasonable probability, considering the totality of the circumstances, that but for counsel's ineffectiveness, he would not have waived the right at issue. *Mallory*, *supra* at 698-704.

Herein, had the ineffectiveness issue not been waived, Appellant could not establish prejudice. In considering such a claim of ineffectiveness, the court considers the totality of the circumstances and the entire record, not just the colloquy itself. *Id*. Appellant testified at the PCRA hearing that he would have proceeded *pro se* even if his counsel had ensured that the court

J-S58023-16

provided a Rule 121 colloquy.[7]  Further evidence of a lack of prejudice was supplied by standby counsel, Mr. Sembach.  He testified at the evidentiary hearing that, prior to trial, he presented a document entitled "Acknowledgement of Availability of Counsel" to Appellant for his signature.  Commonwealth Exhibit 1.  He read the bolded portions of the document to Appellant, the contents of which were "very similar or identical" to the Rule 121 waiver of counsel.  In preparing it, counsel wanted to ensure that Appellant's waiver of counsel was knowingly, voluntarily, and intelligently done.  *Id*. at 45.  Appellant refused to sign it, although Deputy Laurie Kozak signed the document acknowledging that Mr. Sembach reviewed the document with Appellant.  Mr. Sembach also testified that, in a letter he sent to Appellant regarding a plea offer, he explained the statutory maximums and delineated the guideline ranges for each offense.  N.T. PCRA Hearing, 12/1/15, at 35.  Mr. Sembach concluded that Appellant "wanted to proceed pro se" and "[he] knew exactly what he was getting into."  *Id*. at 43.  Based on the totality of circumstances, Appellant failed to demonstrate prejudice and would not be entitled to relief.

Appellant's second issue, that the trial court erred in declining his request to have standby counsel assume representation at trial, also does

_____

[7] While the Commonwealth maintains that Appellant's admission that he would have represented himself anyway constitutes a waiver, we disagree with that conclusion.

not afford relief. It appears from the record that Appellant became frustrated in his attempt to impeach one of the victims regarding her prior statements to police detailing when the charged offenses occurred. N.T. Trial, 11/12/13, at 99-100. Following a recess to permit Appellant to consult with standby counsel, a sidebar was held off the record. The trial court then asked Appellant whether he was trying to suggest that the victim's statement referred to a later timeframe for the Mifflin County incidents. Appellant responded that he "was trying to figure out she gave three different statements of when the incident happened." *Id*. at 101. At that point, standby counsel interjected that, "Mr. Cook has told me that if I will represent him fairly that he would allow me to do the questioning." *Id*. The court refused, stating that the defense would not be permitted to go back and forth between a lawyer and *pro se* representation. Attorney Sembach acquiesced in the court's ruling, and responded, "Understood, your Honor." *Id*. Appellant then asked, "I can't have him represent me now?" *Id*. at 102. The court reviewed Appellant's difficulties with prior counsel, reminded Appellant that he chose to proceed without counsel, that he had standby counsel available, and suggested that counsel help Appellant develop questions on this issue. *Id*. at 102-03. Appellant thanked the court, accepted its suggestion, consulted with counsel, and when the proceedings resumed, completed his cross-examination of the witness.

Although Appellant now characterizes the exchange as a request that Mr. Sembach take over his representation for the remainder of the trial, the trial court did not interpret it as such. The court construed it as a request that Mr. Sembach cross-examine and impeach that witness with her prior statements; Appellant would then resume his self-representation. Hybrid representation is not countenanced. *Commonwealth v. Padilla*, 80 A.3d 1238 (Pa. 2013). Since it is not patently clear that Appellant sought to revoke his waiver of counsel for the remainder of the trial, we find no factual support in the record to support Appellant's claim of trial court error. *See Commonwealth v. Bryant*, 855 A.2d 726, 737 (Pa. 2004) (citing *Buhl v. Cooksey*, 233 F.3d 783, 800 (3d Cir. 2000), for the proposition that, "[i]t is well established that a defendant can waive the right of self-representation after asserting it.").

Furthermore, in that this issue implicates trial court error, it could have been asserted on direct appeal. Since Appellant was fully apprised of his direct appeal rights and right to counsel at his sentencing, this issue is waived under 42 Pa.C.S. § 9544(b). *See Commonwealth v. Berry*, 877 A.2d 479 (Pa.Super. 2005) (*en banc*) (failure to file a direct appeal results in waiver of non-effectiveness and non-illegal sentencing issues); *in accord Commonwealth v. Walls*, 993 A.2d 289 (Pa.Super. 2010); *Commonwealth v. Jones*, 932 A.2d 179 (Pa.Super. 2007) (recognizing

that trial court error had to be pursued on direct appeal or the defendant would forego the opportunity to litigate it).

Moreover, Appellant did not and could not assert any claim of counsel ineffectiveness. As our High Court held in **Commonwealth v. Blakeney**, 108 A.3d 739, 756 (Pa. 2014), a defendant "who chooses to represent himself cannot obtain post-conviction relief by raising a claim of his own ineffectiveness or that of standby counsel." The **Blakeney** Court explained that, "the limited role of standby counsel is essential to satisfy the United States Supreme Court's directive that a defendant's choice to proceed pro se must be honored out of that respect for the individual which is the lifeblood of the law even when the defendant acts to his own detriment." **Blakeney**, **supra** at 756-757. No relief is due on this ground.

We note, however, that Appellant was sentenced to two mandatory minimum sentences based on the age of his victims. In **Alleyne**, **supra**, the Supreme Court held that any fact that increases the penalty for a crime must be treated as an element of the offense. Hence, it must be submitted to a jury rather than a judge and found beyond a reasonable doubt. In recognition that post-**Alleyne**, "application of a mandatory minimum sentence gives rise to illegal sentence concerns," **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa.Super. 2013) *(en banc)*, and that such claims

are non-waivable, we *sua sponte* review the legality of Appellant's sentence.[8] ***See Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa.Super. 2014) ("[A] challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*.").

In ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016), our Supreme Court affirmed this Court's holding that 42 Pa.C.S. § 9718, which imposed a mandatory minimum sentence for violation of 18 Pa.C.S. §3123(a)(7) (involuntary deviate sexual intercourse of a minor), pursuant to judicial fact-finding of facts that were not elements of the crime, was facially unconstitutional, non-severable, and void under ***Alleyne***. That same facially unconstitutional statute, 42 Pa.C.S. § 9718, was the basis for the imposition of the mandatory minimum sentences herein.

Appellant is entitled to the benefit of the ruling in ***Alleyne*** as his judgment of sentence became final after ***Alleyne*** was decided on June 17, 2013, and the instant PCRA petition is timely filed. ***Compare Commonwealth v. Ruiz***, 131 A.3d 54 (Pa.Super. 2015) (declining to give ***Alleyne*** retroactive effect to cases on timely collateral review when the defendant's judgment of sentence was finalized before ***Alleyne*** was

---

[8] The issue whether ***Alleyne*** claims are illegality of sentence claims that cannot be waived is presently pending before the Pennsylvania Supreme Court. ***See Commonwealth v. Barnes***, 122 A.3d 1034 (Pa. 2015) (*allocatur* granted September 18, 2015).

decided). For this reason, we vacate judgment of sentence and remand for resentencing consistent with this memorandum and without the application of the § 9718 mandatory minimum.

Order vacated. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

President Judge Gantman joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2016