J-S24022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID EUGENE FERRARA | |
| Appellant | No. 1094 WDA 2016 |

Appeal from the PCRA Order June 20, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at Nos: CP-33-CR-0000493-1999, CP-33-CR-0000570-2000, CP-33-CR-0000278-2002, CP-33-CR-0000279-2002

BEFORE:  PANELLA, STABILE, JJ. and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 8, 2017**

Appellant, David Eugene Ferrara, appeals from the June 20, 2016 order entered in the Court of Common Pleas of Jefferson County ("PCRA court"), denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

A panel of this Court previously addressed the history of the matter as follows.

> This case arises from incidents that occurred over ten years ago.  While Appellant initially pled *nolo contendere* in 2002 to three counts of incest and guilty to one count of indecent assault, he petitioned to withdraw his plea, but the court denied his petition.  This Court reversed his judgment of sentence and

_____

[*] Former Justice specially assigned to the Superior Court.

> in 2004, after the reinstatement of the charges against him, Appellant again entered the same plea. He subsequently pursued a direct appeal with this Court and we affirmed his judgment of sentence. In 2007, Appellant filed his first PCRA, which the court dismissed. On appeal, this Court affirmed the dismissal. Appellant then filed a second PCRA petition, which the court also dismissed. Although Appellant filed a Notice of Appeal on January 25, 2010, he filed an "Application to Dismiss," which this Court granted, thereby discontinuing his appeal.

***Commonwealth v. Ferrara***, No. 1268 WDA 2010, unpublished memorandum, at 2 (Pa. Super. filed April 13, 2011). Appellant filed a third PCRA petition, stylized as a petition for writ of *habeas corpus* on June 11, 2010. The PCRA court dismissed the petition as untimely, and this Court affirmed. ***Id.*** at 5.

On May 16, 2016, Appellant filed the instant PCRA petition. On May 18, 2016, the PCRA court issued a notice of intention to dismiss the PCRA petition as untimely. Appellant petitioned for leave to file a supplemental PCRA on May 27, 2016, and an objection to the dismissal of the PCRA petition on June 13, 2016. On June 20, 2016, the PCRA court denied Appellant's petition for leave to amend and dismissed the PCRA petition.

Appellant filed a notice of appeal on July 21, 2016. On September 9, 2016, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued a 1925(a) opinion on September 12, 2016.[1]

_____

[1] This opinion was titled "Order Dismissing PCRA Petition;" however, the PCRA court issued an order on October 4, 2016, correcting the title of the document.

Appellant raises nine issues on appeal, which we repeat verbatim.

I.      Whether the denial of the PCRA Petition was Lawful?

II.     Whether the [PCRA court] was required as a matter of Legislative Statute, 42 PA.C.S.A. §9760(2)(3); 1 PA.C.S.A. § 1921, mandated to credit time already served to, Pro Se' Appallant, before fashioning a new negotiated Nolo Contendere Pleas, April 12, 2004?

III.     Whether the [PCRA court] answered any averments and well formulated pleadings, pursuant to Fed.R.Civil.P. 8(a)(e), stated in Post Conviction Relief Act, Nunc Pro Tunc, filed May 11, 2016, and "objections Dismissing PCRA Petition" filed June 7, 2016, impeding justice and obstructing justice, to a innocent man, David E. Ferrara (Appellant)?

IV.     Whether the PCRA Petition was timely filed, challenging the illegal sentence of probation, pursuant to 42 PA.C.S.A. § 9541, that disregarded Legislative Statute, 42 PA.C.S.A. § 9754(a); 1 PA.C.S.A. § 1921(a-c)(1-8) that was excessive and unlawful?

V.      Whether [the PCRA court], did "Obstruct Process" and "Obstructing Justice" to Pro Se' Appellant, by conveniently taking the back door, to presumptively state (without any facts of the record) that was quote: (26) Page (Petition) when actually it was a "Post Collateral Relief Act" Petition, and stated: …was "Nothing but a reiteration of allegations that both Courts, [PCRA court] and Superior Court, Western District; have rejected in the past (some of them multiple time) and our supreme Court has declined to consider?

VI.     Whether [the PCRA court], had statutory authorization to, sentence Appellant to a double jeopardy sentence, that violated the "Double Jeopardy Clause" of United States Constitution? Id. Us. Const. 14 Amend; Article I, sec. 10 of Pennsylvania Constitution.

VII.    Whether [the PCRA court], had statutory authorization, ordering probation, totaling twenty-seven (27) years on April 12, 2004, exceeding the maximum term for which

[Appellant] could be confined, when it didn't explain how that life time probation, pursuant to 42 PA.R.Crim.P. 704(c)(2); would contributes to the rehabilitation of the Appellant; pursuant to, 42 PA.C.S.A. § 9754(a); 1 PA.C.S.A. § 1921(a-c)(1-8); 42 PA.C.S.A. § 9781(a); 42 PA.C.S.A. § 9541; Article I, §10, Pennsylvania Constitution; 42 PA.C.S.A. § 9721?

VIII. Whether counsel, Robert Taylor, Esq., was rendering his services as advocate Attorney, on April 12, 2004, by not <u>objecting</u> to Double Jeopardy Sentence of probation of twenty-seven (27) years, total, and omitted procedural protection of the Meagan's Law II, pursuant to, 42 PA.C.S.A. § 9795.4(e)(2); 1 PA.C.S.A. § 1921(a-c)(1-8)?

IX. Did the [PCRA court], provide Pro Se' Appellant, procedural protection of the Meagan's Law II, pursuant to, 42 PA.C.S.A. § 9795.4(e)(2); 1 PA.C.S.A. § 1921(a-c)(1-8) September 11, 2002 and April 12, 2004, before Meagan's Law II hearing; which Appellant didn't receive a fair hearing?

Appellant's Brief at 5-7 (sic).

It is well established that "an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (quoting **Commonwealth v. Colavita**, 993 A.2d 874, 887 (Pa. 2010)). Moreover, all PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). Such "restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the

substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted).

There are three exceptions to the timeliness requirement of the PCRA. These exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively;

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Appellant briefly mentions the timeliness requirement in his brief; however, Appellant's argument is misplaced. Appellant asserts the government interference exception applies because the sentence imposed by the trial court exceeded the statutory maximum. ***See*** Appellant's Brief at 13. This argument fails as Appellant is attempting to couch a legality of sentence claim as an automatic exception to the timeliness requirement of the PCRA.

> As long as this Court has jurisdiction over a matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition. ***See*** 42 Pa.C.S.A. § 9545(b)(2);

- 5 -

> ***Commonwealth v. Fahy***, 558 Pa. 313, 330, 737 A.2d 214, 223 (1999) (holding that "[a]lthough a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits of one of the exceptions thereto").

***Commonwealth v. Whitehawk***, 146 A.3d 266, 270 (Pa. Super. 2016).

Appellant's petition is patently untimely and he has failed to establish that a timeliness exception applies. Thus, we conclude the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed. Application for correction/clarification denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2017