J-S40009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY TAQUELL ALVIN | : | |
| | : | |
| Appellant | : | No. 2546 EDA 2017 |

Appeal from the PCRA Order June 19, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001323-2003

BEFORE: LAZARUS, J., DUBOW, J., and PLATT, J.*

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JULY 26, 2018**

Appellant, Troy Taquell Alvin, appeals *pro se* from the June 19, 2017 Order entered in the Northampton County Court of Common Pleas dismissing his sixth Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm.

On February 16, 2004, a jury convicted Appellant of First-Degree Murder. The court sentenced Appellant to a term of life imprisonment. This Court affirmed Appellant's Judgment of Sentence and our Supreme Court denied allocatur on April 4, 2006. ***Commonwealth v. Alvin***, No. 2206 EDA 2004 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, No. 632 MAL 2005 (Pa. 2006). Appellant's Judgment of Sentence became final on July 3, 2006. ***See*** 42 Pa.C.S § 9545(b)(3).

Between June 2006 and March 2014, Appellant filed five PCRA Petitions, none of which garnered relief. On September 16, 2016, Appellant filed the

_____
* Retired Senior Judge assigned to the Superior Court.

instant Petition, his sixth, challenging the legality of his sentence. The PCRA court appointed counsel who filed a Petition to Withdraw and a **Turner**/**Finley** "no merit" letter.[1] On May 8, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing as untimely filed.

On June 5, 2017, Appellant filed a response to counsel's Petition to Withdraw. On June 19, 2017, the PCRA court entered an order dismissing Appellant's PCRA Petition. On June 28, 2017, the PCRA court granted counsel's Petition to Withdraw.

This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following four issues on appeal:

1. Whether the specific statute first-degree murder 18 Pa.C.S. § 2502(a), is severable from the specific statute criminal homicide 18 Pa.C.S. § 2501, as a lesser or necessarily included offense to one another?

2. Whether 18 Pa.C.S. § 2501(a), as a first-degree felony when charged in a non-capital murder case holds a maximum allowable sentence of 20 years pursuant to 18 Pa.C.S. § 1103(1) (sentence of imprisonment for felony)?

3. Whether the Pennsylvania General Assembly enacted 18 Pa.C.S. § 1102 and 42 Pa.C.S. § 9711, capital punishment statutes, for sentencing purposes, to be specific to cases involving capital murder where a defendant faces the real possibility of the death penalty?

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

4. Whether the PCRA court erred in granting counsel's request to withdraw?[2]

Appellant's Brief at 4 (some capitalization omitted)

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA Petition. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008).

A PCRA Petition must be filed within one year of the date the underlying Judgment becomes final; a Judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). However, the PCRA provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). For a petitioner to avail himself of one of the exceptions, he must file his petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, all claims cognizable under the PCRA, including a legality of sentencing issue, must be raised in a

---

[2] Appellant has provided no argument on this issue. He has, therefore, waived it. *See* Pa.R.A.P. 2119(a).

timely filed PCRA Petition over which we have jurisdiction. *See* 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant's Petition, filed more than 10 years after his Judgment of Sentence became final, is facially untimely.[3]

In his first three issues, Appellant does not invoke or argue any timeliness exception for his claims challenging the legality of his sentence. ***See*** Appellant's Brief at 31-34. Rather, Appellant baldly claims that he is entitled to PCRA relief because "a violation of the [C]onstitution of Pennsylvania and the United States [took] place." ***Id.*** at 33-34. Such a bare allegation fails to satisfy any of the timeliness exceptions. Accordingly, we are without jurisdiction to review Appellant's first three issues.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/18

---

[3] The period in which Appellant could have filed a timely PCRA Petition ended on July 3, 2007.