**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Anthony B. JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 29, 2007.

Filed Aug. 23, 2007.

Anthony B. Jones, appellant, pro se.

John M. Morganelli, Asst. Dist. Atty., for Com., appellee.

BEFORE: STEVENS, KLEIN and COLVILLE *, JJ.

* Retired Senior Judge assigned to the Superior Court.

OPINION BY COLVILLE, J.:

¶ 1 This is a *pro se* appeal from the order dismissing Appellant's petition filed pursuant to the Post Conviction Relief Act ("PCRA"). Appellant raises two issues for our review; we find the first one to be dispositive: whether Appellant's issues pertaining to the legality of sentence can be considered previously litigated or waived for purposes of the PCRA. We vacate and remand.

¶ 2 The relevant procedural history is as follows. Appellant was convicted of Recklessly Endangering Another Person, Resisting Arrest, two counts of Persons Not to Possess Firearms and Possession of Firearm with Altered Manufacturer's Number. On direct appeal, Appellant, proceeding *pro se,* raised six issues for review. A panel of this Court declined to address all but two of the issues, explaining that these two issues, concerning jury instructions, were the only ones presented in Appellant's Pa.R.A.P.1925(b) Statement of Matters Complained of on Appeal with sufficient specificity. *Commonwealth v. Jones,* 876 A.2d 464 (Pa.Super.2005) (unpublished memorandum at 4–6).

¶ 3 Following the conclusion of his unsuccessful direct appeal, Appellant, again acting *pro se,* timely filed a PCRA petition. In this petition, Appellant claimed he was entitled to relief because his sentence was greater than the lawful maximum. Specifically, he made several challenges to convictions which he claimed should have merged for sentencing purposes. Nuria Sjolund, Esq. was appointed as counsel for Appellant; she subsequently filed a "no-merit" letter pursuant to *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988), in which she asserted the claims raised in

Appellant's *pro se* PCRA petition were either waived or previously litigated, and thus ineligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(3).

¶ 4 Agreeing with counsel's assessment of the merits of the PCRA petition, the PCRA court, after notice, dismissed the petition. The court also permitted counsel to withdraw her appearance. This appeal followed.

▮ ¶ 5 On appeal from the denial of PCRA relief, an appellate court's standard of review is whether the ruling of the PCRA court is free of legal error and supported by the record. *Commonwealth v. Treadwell,* 911 A.2d 987, 989 (Pa.Super.2006). In this case, we do not find the PCRA court's ruling to be free of legal error. As we will further explain, because Appellant's PCRA claims were not addressed on their merits on direct appeal, they have not been previously litigated; because the claims challenge the legality of his sentence, they can not be considered waived for purposes of the PCRA.

▮ ¶ 6 In order to be eligible for relief under the PCRA, the error asserted must not have been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). These terms are defined in the PCRA as follows.

§ 9544. Previous litigation and waiver

(a) PREVIOUS LITIGATION.—For purposes of this subchapter, an issue has been previously litigated if:

(1) Deleted.

(2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or

(3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

(b) ISSUES WAIVED.—For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.

42 Pa.C.S.A. § 9544.

¶ 7 On direct appeal, Appellant raised, *inter alia,* the following issues:

Is the sentence for the two counts of Persons Not to Possess Firearms illegal, because it was implemented contrary to the Commonwealth of Pennsylvania's Commission on Sentencing, Sentencing Guidelines Implementation Manual of June 13, 1997, 5 Ed.?

Is the sentence for Resisting Arrest and Recklessly Endangering Another Person illegal, because it was implemented contrary to the Commonwealth of Pennsylvania's Commission on Sentencing, Sentencing Guidelines Implementation Manual of June 13, 1997, 5 Ed.?

*Jones,* 876 A.2d 464 (unpublished memorandum at 3).

In his PCRA petition, Appellant asserted the following claims:

(1) Sentences for both, "Person not to possess firearm (F2)" shall merge for sentencing purposes; and "possession of a firearm with altered manufacturer number (M1)" shall merge in one of the above.

(2) "Recklessly Endangering . . . (M2)" and "Resisting Arrest (M2)" shall merge for sentencing purposes.

(3) All should be in mitigated standard range.

PCRA Petition, 3/13/06, at 3.

¶ 8 In his brief to this Court, Appellant explains his challenges to his sentence as follows:

(1) The petitioner is arguing that the consecutive sentences for the two counts of Persons not to Possess Firearms is an illegal sentence, because both firearms were simultaneously possessed.

(2) The petitioner is arguing that REAP and Resisting Arrest should merge for sentencing purposes, because they are both predicated upon the same facts and events which makes REAP the lesser included offense of Resisting Arrest. These two sentences standing consecutive to each other is what the petitioner believes to be an illegal sentence.

(3) The petitioner is arguing that Persons not to Possess firearms and Possession of a Firearm with Altered Manufacturer[ ]'s Numbers should be concurrent as it was originally imposed by the sentencing court. The Order of Court—4/26/04, has substantially increased the petitioner's original sentence without any articulated objective information of identifiable conduct by the petitioner after the original sentencing that would have legally warranted such an increase at all. The petitioner believes that some of his Due Process Rights were infringed upon by such a change, because he had no opportunity to attempt to oppose or mitigate it. Therefore rendering his now amended sentence(s) illegal because of that change.

Appellant's Brief at 4–5.

¶ 9 It is apparent that Appellant has challenged the legality of his sentence at each of these stages of his case. It is equally apparent that this Court has never ruled on the merits of his legality of sentence challenges. *See* 42 Pa.C.S.A. § 9544(a)(2). As stated above, this Court declined to address the merits of the legality-of-sentence claims raised on direct appeal due to insufficient development thereof. Thus, these claims have not been previously litigated for purposes of the PCRA and the PCRA court erred in so finding. *See Commonwealth v. Whitmore,* 860 A.2d 1032, 1035–36 (Pa.Super.2004) (holding issues found to have been inadequately raised and thus not addressed on their merits on direct appeal were not waived for purposes of the PCRA).

■ ¶ 10 We now review whether the claims have been waived. The PCRA court apparently found them to be waived on the basis of this Court's prior characterization as such based on their presentation on direct appeal.

¶ 11 We note that the PCRA's definition of waiver speaks only of claims that **could** have been raised, but were not. *See* 42 Pa.C.S.A. § 9544(b). It does not specifically address claims that **were** raised, but raised improperly. Nonetheless, we see no reason the definition would not apply to both types of waiver; thus, we assume it applies to all claims not preserved, whether by omission or imprecision, and thus do not find fault with the PCRA court's determination on this basis.

■ ¶ 12 However, it is black-letter law that challenges to the legality of a judgment of sentence can not be waived. *Commonwealth v. Belak,* 573 Pa. 414, 825 A.2d 1252, 1257 (2003). Was, then, this oft-stated rule of law violated on direct appeal? It was not. While the rule forecloses permanent waiver of legality-of-sentence claims, it does not preclude a court from enforcing procedural rules or jurisdictional limits and requiring such claims be properly presented at the time they are raised in order to obtain review thereof. In *Belak,* for example, the Pennsylvania Supreme Court declined to address a legality-of-sentence claim raised for the first time in a reply brief to that court, finding such a procedural breach rendered the claim "improper" for consideration. *Id.* Similarly, when a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review. *See Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 223 (1999). Thus, this Court

properly evaluated whether Appellant's direct appeal claims were appropriately presented for review at that time; its finding of waiver, however, was limited to that appeal.

¶ 13 Legality-of-sentence claims are simply not subject to the waiver provision of the PCRA. Our Supreme Court has found that Section 9544(b) was intended to apply only to those claims that are **required** to be preserved before trial, at trial, on appeal, or in a prior post-conviction proceeding. *Commonwealth v. Brown,* 582 Pa. 461, 872 A.2d 1139, 1154 (2005). As the *Brown* court explained, "[i]f the nature of the claim involves a right so fundamental to a fair trial that renders it non-waivable, then the claim is not required to be preserved and is not subject to the waiver provision of the PCRA." *Id.*[1] As stated above, legality-of-sentence claims are non-waivable and thus **not** required to have been preserved at any prior stage of litigation in order to obtain review thereof. Thus, the PCRA court erred in finding Appellant's PCRA claims to be waived.

¶ 14 We note that the PCRA court based its determination on this Court's prior characterization of Appellant's claims as waived; however, they may also have been considered waived pursuant to 42 Pa. C.S.A. § 9544(b) for failure to have raised them either in their current incarnation or at all on direct appeal. Thus, we want to make clear that waiver, for purposes of the PCRA, is equally inapplicable to legality-of-sentence claims a petitioner raises for the first time in post-conviction proceedings and those previously characterized as waived.

¶ 15 Accordingly, we vacate the order of the PCRA court and remand for consideration of Appellant's post-conviction claims. Because Appellant's appointed counsel based her successful request for withdrawal on the same misconception of the law espoused by the PCRA court,[2] Appellant should be appointed new counsel who may file an amended PCRA petition if he or she so chooses.

¶ 16 Order vacated. Case remanded. Jurisdiction relinquished.

---

1. The non-waivable claim in *Brown* concerned the appellant's competency at trial.

2. We note counsel asserted in her "no-merit" letter that Appellant's claims could not be addressed by the PCRA court "especially" because Appellant had not presented them in terms of ineffective assistance of counsel. "No-merit" letter of Nuria Sjolund, Esq., 6/7/06, at 2. Although counsel was incorrect that Appellant's claims required such re-framing, given her stated assessment of the law and the case, it is inexplicable why, at that stage of the proceedings and her representation of Appellant, she did not file an amended PCRA petition re-framing them into a form unquestionably cognizable under the PCRA.