J-S54028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CASSANDRA M. BARANYAY | |
| Appellant | No. 401 EDA 2015 |

Appeal from the Judgment of Sentence January 7, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005183-2014

BEFORE: BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED October 6, 2015**

     Appellant, Cassandra M. Baranyay, appeals from the judgment of sentence entered January 7, 2012,[1] in the Court of Common Pleas of Bucks County, following her open guilty plea to burglary, conspiracy to commit burglary, robbery, defiant trespass, theft by unlawful taking, receiving stolen property, and simple assault.[2] We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purports to appeal from the order denying her post-sentence motions. We have corrected the caption to reflect that Appellant's appeal properly lies from the judgment of sentence entered on January 7, 2012, not the order denying her post-sentence motions. **See**, **e.g.**, **Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n. 1 (Pa. Super. 2003) (*en banc*).

[2] 18 Pa.C.S.A. §§ 3502(a)(1), 903, 3701(a)(1)(v), 3503(b)(1)(i), (3921)(a), 3925 and 2701(a)(1), respectively.

The factual basis for Appellant's guilty plea as set forth at the plea hearing is as follows. Appellant was released on bail from charges in the state of Delaware in April 2014. When she returned to Pennsylvania, her sister, Amanda Baranyay, who is the victim in this case, permitted Appellant to stay at her home for a few nights at a time. While living at the victim's residence, Appellant continued to use drugs, despite the victim's repeated insistence that Appellant either seek treatment or leave the location. Appellant repeatedly rebuffed her sister's demands.

In May 2015, Appellant's boyfriend, co-defendant Robert Frawley, began to stay at the victim's home under the pretense that he came to get Appellant help for her drug addiction. When it became clear that Appellant and her boyfriend were instead continually getting high, the victim asked them both to leave. When they refused, the victim contacted the Bristol Borough Police Department, who directed both Appellant and her boyfriend to leave the premises.

The following morning, Appellant returned to her sister's residence, where the victim was home with her two children. The victim refused to grant Appellant access to the residence and Appellant eventually left. A few minutes later, the victim suddenly heard the water faucet in her kitchen start to run. She then observed the co-defendant pushing Appellant through the kitchen window above the sink. In the presence of the victim's children, Appellant began to punch the victim several times and forcibly removed $143.00 that the victim had tucked inside of her bra. The victim tried to

physically keep Appellant from leaving the residence and screamed for help, but Appellant was able to flee with the co-defendant. The police apprehended the couple onboard a nearby train. The co-defendant had the $143.00 on his person when apprehended.

Appellant entered an open guilty plea to the aforementioned charges. Thereafter, the trial court sentenced Appellant to three to six years' imprisonment for burglary, to be served consecutively to a term one to two years' imprisonment for conspiracy to commit burglary. The court imposed ten years of probation for the robbery conviction and no further penalty on the remaining charges. Appellant filed a motion for reconsideration of sentence on January 16, 2015, which the trial court denied. This timely appeal followed.

Appellant's first two issues[3] on appeal raise a challenge to the discretionary aspects of her sentence. Preliminarily, we must determine whether Appellant has the right to seek permission to appeal the sentencing court's exercise of its discretion. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). When an appellant challenges the discretionary aspects of his sentence, we utilize a four-part test to determine:

---

[3] We have re-ordered the issues for ease of disposition.

(1) whether appellant has filed a timely notice of appeal, **see** Pa. R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa. R. Crim. P. [720]; (3) whether appellant's brief has a fatal defect, Pa. R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. (internal citations omitted).

Appellant first argues that the trial court imposed sentences in the aggravated range without stating sufficient reasons on the record.[4] This allegation does raise a substantial question for our review. *See Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008). However, we note that our review of the record reveals that although Appellant raised this issue in her Rule 1925(b) statement, she failed to raise this specific argument either at sentencing or in her post-sentence motion.

As the Commonwealth accurately notes, Appellant argued in her Motion to Modify and Reconsider Sentence only that "Defendant believes and therefore avers that *no aggravating circumstances were presented or alleged* in order to sentence defendant in the aggravated range of the sentencing guidelines." Motion to Modify and Reconsider Sentence, 1/16/15 at ¶ 9 (emphasis added). Appellant notably failed to preserve the altogether

---

[4] Although Appellant has failed to include in her brief a separate Rule 2119(f) statement, she has included in the argument section of her brief a section titled "Concise statement of reasons relied upon in support of appeal." Appellant's Brief at 15, 20.

different argument now raised on appeal, that the trial court failed to state sufficient reasons on the record for the aggravated sentences imposed. As Appellant failed to preserve this argument either at sentencing or in her post-sentence motion, it is not subject to our review. ***See Commonwealth v. Tejada***, 107 A.3d 788, 798-799 (Pa. Super. 2015), ***appeal denied***, --- A.3d ---, 2015 WL 4757887 (Pa., filed Aug. 3, 2015).

We note, however, that even if we were to address Appellant's argument, it would not warrant relief. Our review of the record reveals that the trial court provided ample reasons on the record for imposing the sentences, which were in the aggravated range of the sentencing guidelines, but not outside the guidelines. ***See*** N.T., Guilty Plea Hearing and Sentencing, 1/7/15 at 77-91. Accordingly, the record flatly belies Appellant's assertion to the contrary.

Appellant next argues that the trial court "imposed an aggregate sentence of four (4) years to (8) years imprisonment that was manifestly excessive in light of the criminal conduct." Appellant's Brief at 20. To the extent that Appellant's claim can be interpreted as an allegation that the trial court failed to give adequate weight to certain sentencing factors, this claim fails to raise a substantial question for our review. ***See Commonwealth v. Christine***, 78 A.3d 1, 10-11 (Pa. Super. 2013) ("[T]his Court has repeatedly held that an allegation that the trial court failed to consider particular

circumstances or factors in an appellant's case go to the weight accorded to various sentencing factors and do not raise a substantial question.").

Regarding Appellant's challenge to the cumulative nature of her sentence, we note that "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*), ***appeal denied***, 75 A.3d 1281 (Pa. 2013) (citation omitted). Here, Appellant does not dispute that the individual sentences imposed are within the guideline range, notwithstanding the trial court's imposition of consecutive aggravated range sentences. Given the trial court's consideration of the serious nature of the crimes committed in this case—burglary, robbery, and assault—we do not believe Appellant's sentence appears, on its face, manifestly excessive. We also reiterate that the trial court adequately stated the reasons for imposing its sentence on the record. Accordingly, we discern no abuse of discretion in the sentence imposed by the trial court.

Appellant lastly contends that the sentence of 10 years' probation imposed for Appellant's robbery conviction constituted an illegal sentence. Preliminarily, we observe that Appellant does not address this claim in her appellate brief. Ordinarily, we would find this claim to have been

abandoned.  However, it is well settled that challenges to the legality of a sentence cannot be waived.  *See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007).  We will therefore address the merits of Appellant's claim.

Appellant argues that the trial court's imposition of 10 years' probation for the robbery conviction exceeded the maximum sentence permitted by law.  In its Rule 1925(a) opinion, the trial court observed that Appellant's argument is premised upon an error in the trial court docket, which has since been corrected by the court's order dated March 5, 2015.  Appellant was not sentenced to 10 years' probation for her robbery conviction, but rather for the conspiracy to commit burglary conviction, which constituted a felony of the first degree. *See* 18 Pa.C.S. § 905(a) ("**Grading.--**Except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy."); 18 Pa.C.S. § 3502(c)(1) ("Except as provided in paragraph (2), burglary is a felony of the first degree.").  A first-degree felony carries a maximum term of imprisonment of 20 years.  *See* 18 Pa.C.S. § 1103(1).  Therefore, the court's sentence of ten years' probation was not illegal.

Judgment of sentence affirmed.

- 8 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2015