**[J-92-2015] [MO: Dougherty, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 705 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated January 9, |
| | : | 2015 in the Court of Common Pleas of |
| | : | Philadelphia County, Criminal Division, |
| v. | : | at No. CP-51-CR-0428351-1993 |
| | : | |
| | : | SUBMITTED:  January 20, 2016 |
| SHELDON HANNIBAL, | : | |
| | : | |
| Appellant | : | |

## CONCURRING OPINION

**JUSTICE TODD**                                    **DECIDED:  November 22, 2016**

I join the Majority Opinion except for its analysis of Issue VI, and specifically its treatment of Appellant's claim that prior counsel were ineffective for failing to challenge the admission of evidence of Appellant's involvement in the murder of Tanesha Robinson and two others as violative of his rights to due process.[1]  The majority finds this issue to have been previously litigated, see Majority Opinion at 30-32; however, I cannot join its analysis in this regard.

On direct appeal, Appellant raised two related issues regarding this evidence:  he asserted that it should not have been admitted because it was more prejudicial than probative under Pa.R.E. 403, and because there was an insufficient nexus offered connecting him to the murders because the only such evidence was the allegedly suspect testimony of his cellmate, James Buigi.  Brief for Appellant in Commonwealth v.

_____

[1] I join the majority's rejection of Appellant's related claim under the Eighth Amendment.

<u>Hannibal</u>, 753 A.2d 1265 (Pa. 2000), at 29-33, *available at* 1997 WL 33544659.  In his present appeal, Appellant asserts that introduction of evidence of these other crimes violated his due process rights because of the unreliable and incredible nature of Buigi's testimony.

The majority mistakenly dismisses this claim as previously litigated, in my view. As the majority notes, one of the underlying claims Appellant *raised* on direct appeal — that Buigi's incredible testimony could not properly serve to link him to the prior murders — is essentially the same as the one he now raises, implicating a previously litigated assessment.  I emphasize *raised*, however, because, while Appellant raised this issue (along with the Rule 403 prejudice-probative claim) on direct appeal, in my view, Chief Justice Saylor is quite correct in observing that, in that appeal, this Court utterly misapprehended the issue and related record.  <u>See</u> Dissenting Opinion (Saylor, C.J.) at 1-3.  As a result, and contrary to the majority, I would conclude that, while the issue was raised, we did not address it, and thus it cannot be deemed to have been "previously litigated."[2]  <u>See</u> 42 Pa.C.S. § 9544(a) ("For purposes of this subchapter, an issue has been previously litigated if . . . (2) the highest appellate court in which the petitioner could have had review as a matter of right *has ruled on the merits of the issue.*" (emphasis added)); <u>see</u> <u>also</u> <u>Commonwealth v. Jones</u>, 932 A.2d 179, 182 (Pa. Super. 2007) (claim rejected on direct appeal as insufficiently developed was not "previously litigated" under Post Conviction Relief Act).  Thus, I would proceed to review his due process claim.

---

[2] I cannot join Chief Justice Saylor's merits analysis, which would grant relief regarding Appellant's ineffectiveness claim, also raised on direct appeal, that the other crimes evidence should not have been admitted because it was more prejudicial than probative under Pa.R.E. 403.  In his present appeal, Appellant does not raise Rule 403 as a basis for relief, and thus, in my view, we may not reach it.

Here, Appellant argues that Buigi's testimony — the sole evidence linking Appellant to the triple murders — was unreliable because Buigi had lied when he testified he was a cellmate of Appellant, and because he was acting as a government agent.[3]  Appellant contends that Buigi's testimony was so unreliable and speculative that its admission (and thus the admission of evidence linking him to the triple murders) was a denial of due process.  I cannot agree.

The admission of evidence violates due process only where "the introduction of this type of evidence is so extremely unfair that its admission violates 'fundamental conceptions of justice.'"  Dowling v. United States, 493 U.S. 342, 352 (1990) (quoting United States v. Lovasco, 431 U.S. 783, 790 (1977)).  Further, with respect to challenges to veracity, as the Commonwealth notes, the United States Supreme Court has specifically rejected the notion that the admission of testimony from a government's witness with substantial reason to lie was a violation of due process.  See Hoffa v. United States, 385 U.S. 293, 311 (1968).  Rather, allegedly incredible testimony must be tested by the tool of cross-examination.  Id.  Accordingly, while I am sympathetic to the view that evidence of this triple murder may have been inadmissible on other grounds for the reasons Chief Justice Saylor expresses in his Dissenting Opinion, on the narrow basis Appellant now offers — that it was improperly founded on the testimony of his purported cellmate in violation of due process — I cannot conclude that such admission violated Appellant's right to a fair trial.  Accordingly, on this alternative basis, I concur in the result reached by the majority on this issue.

Justice Wecht joins this concurring opinion.

---

[3] Contrary to the Commonwealth's claims, see Commonwealth's Brief at 19-20, Appellant did raise this claim in his PCRA petition.  See Petition for Habeas Corpus Relief Pursuant to Article I, Section 14 of the Pennsylvania Constitution and Statutory Post-Conviction Relief Under the Post-Conviction Relief Act, 9/7/05, at ¶ 67.