J-S60023-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN ROSCOE SHIPLEY, | : | |
| | : | |
| Appellant | : | No. 160 WDA 2017 |

Appeal from the PCRA Order December 12, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No.: CP-11-CR-0002077-2010

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                FILED DECEMBER 11, 2017

Appellant, John Roscoe Shipley, appeals from the Order entered on December 12, 2016, in the Court of Common Pleas of Cambria County dismissing as untimely his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

On July 7, 2011, a jury convicted Appellant of Burglary, Criminal Trespass, Driving Under the Influence ("DUI"), two counts of Criminal Mischief, and Loitering and Prowling at Night Time.[1] On July 21, 2011, the

_____

[1] 18 Pa.C.S. § 3502; 18 Pa.C.S. § 3503; 18 Pa.C.S. § 3802; 18 Pa.C.S. § 3304; and 18 Pa.C.S. § 5506, respectively.

_____

* Former Justice specially assigned to the Superior Court.

trial court imposed an aggregate term of 7¾ to 15½ years' incarceration followed by a consecutive term of 6 months' probation.

This Court affirmed Appellant's Judgment of Sentence and the Pennsylvania Supreme Court denied allowance of appeal on March 6, 2013. Commonwealth v. Shipley, No. 1311 WDA 2011 (Pa. Super. filed April 18, 2012) (unpublished memorandum), allocatur denied, 63 A.3d 777 (Pa. 2013). Thus, Appellant's Judgment of Sentence became final on June 4, 2013, upon expiration of the time to file a Petition for Writ of Certiorari with the United States Supreme Court. See U.S.Sup.Ct.R. 13 (allowing 90 days to file Petition for Writ of Certiorari).

Appellant filed two unsuccessful PCRA Petitions. On August 3, 2016, Appellant filed the instant PCRA Petition, his third, challenging the legality of the sentence and conviction for DUI pursuant to Birchfield v. North Dakota, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed. 2d 560 (June 23, 2016).[2] The PCRA court appointed counsel.

On October 19, 2016, the PCRA court dismissed Appellant's Petition as untimely after a hearing. Appellant filed a Notice of Appeal on January 5, 2017. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

_____

[2] In Birchfield, the United States Supreme Court invalidated any criminal sanction assessed for refusing to submit to a blood test in the absence of a warrant. The Court determined that with regard to blood tests, the police must either seek a warrant, obtain consent, or show exigent circumstances. Id.

Appellant presents one issue for our review: "Whether the lower court erred in failing to vacate [Appellant's] [DUI] conviction of July 7, 2011 based on the legal holdings of [Birchfield]? Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's Birchfield claim, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. See Commonwealth v. Hackett, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on June 4, 2013. Accordingly, Appellant had until June 4, 2014, to file a timely PCRA Petition. See 42 Pa.C.S. § 9545(b)(1). This PCRA Petition, filed on August 3, 2016, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition. Commonwealth v. Jones, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2); Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999).

Here, Appellant does not attempt to prove that one of the timeliness exceptions applies.[3] See Appellant's Brief, at 9–15. Therefore, Appellant has not met his burden under the PCRA.[4]

_____

[3] Rather, Appellant only addresses the merits of his Birchfield claim and asserts that Birchfield should be applied retroactively to his case pursuant to Teague v. Lane, 489 U.S. 288 (1989) (plurality).

[4] Moreover, even if Appellant had argued the applicability of the newly-recognized and retroactively-applied constitutional right exception at 42 Pa.C.S. § 9545(b)(1)(iii), he would receive no relief. Neither our Supreme Court nor the United States Supreme Court has held that Birchfield is to be applied retroactively to cases in which the Judgment of Sentence has become final.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. We, thus, affirm the denial of PCRA relief.[5]

Order affirmed. Application to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2017

---

[5] On November 21, 2017, Devon Malloy, Esq. filed an Application to Withdraw as Counsel, noting that the trial court had granted counsel's request and appointed Art McQuillan, Esq. as Appellant's counsel. We grant counsel's Application to Withdraw as Counsel.