J-S34024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMIL LUTE JONES | |
| Appellant | No. 1726 WDA 2017 |

Appeal from the PCRA Order entered October 18, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0002076-2015

BEFORE:  BOWES, STABILE, and STRASSBURGER,\* JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 29, 2018**

Appellant, Jamil Lute Jones, appeals from the October 18, 2017 order dismissing his timely first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  We affirm.

A prior panel of this Court summarized the pertinent facts:

> During her shift on July 5, 2015, Officer [Cheryl] Frey saw Appellant, two other adults and a small child crossing the street on foot.  Appellant was wearing a red vest.  Officer Frey recognized Appellant's face but could not recall his name.  She thought his name might be Laquan Martin.  During the roll call prior to her shift, the names of Appellant and Laquan Martin were listed as having active warrants.  Officer Frey got out of her vehicle and asked Appellant for his identification.  Appellant asked Officer Frey why she was stopping him, and Officer Frey responded that she believed there was a warrant for his arrest.  Appellant took off his vest and handed it to a friend before giving Officer Frey his identification.  After confirming through dispatch that there was a warrant, Officer Frey handcuffed Appellant and retrieved

---

\* Retired Senior Judge assigned to the Superior Court.

Appellant's vest from his friend, who still had the vest over his arm.

While Officer Frey was walking Appellant back to the vehicle, Appellant asked Officer Frey why she took the vest, claiming it belonged to his friend. Officer Frey told him she was suspicious of why he would hand it to his friend when all she wanted was his identification. Appellant then told Officer Frey there was a firearm in the vest. According to Officer Frey, she did not ask Appellant any questions to prompt this statement. Officer Frey placed Appellant in the back of her vehicle and laid the vest on the ground. When back-up officers arrived, they retrieved a .380 automatic Ruger from the vest and unloaded it.

*Commonwealth v. Jones*, 1329 WDA 2016 (Pa. Super. June 16, 2017), unpublished memorandum, at 1-2 (record citations omitted).

On September 18, 2015, the Commonwealth filed a criminal information charging Appellant with, among other things, firearms not to be carried without a license, 18 Pa.C.S.A. § 6106. Appellant filed a pre-trial motion to suppress evidence. The trial court denied the motion on March 3, 2016. The trial court conducted a jury trial on March 21 and 22, 2016, at the conclusion of which the jury found Appellant guilty under § 6106. Following a July 27, 2016 sentencing hearing, the trial court imposed two and one-half to six years of incarceration. On June 16, 2017, this Court affirmed the judgment of sentence, rejecting Appellant's challenges to the denial of his suppression motion and the trial court's sentencing discretion. Appellant filed his timely first *pro se* PCRA petition on June 29, 2017. Appointed counsel filed a supplemental petition on August 14, 2017. On September 22, 2017, the PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss the petition

without a hearing. On October 18, 2017, the PCRA court entered its final order dismissing the petition. This timely appeal followed.

Appellant claims trial counsel was ineffective, pursuant to § 9543(a)(2)(ii) of the PCRA, for failing to preserve a challenge to the sufficiency of the evidence during trial and on direct appeal. Appellant's Brief at 2. "On appeal from the denial of PCRA relief, an appellate court's standard of review is whether the ruling of the PCRA court is free of legal error and supported by the record." *Commonwealth v. Jones*, 932 A.2d 179, 181 (Pa. Super. 2007). To establish that counsel was ineffective, a petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) counsel's error prejudiced the petitioner. *Commonwealth v. Travaglia*, 661 A.2d 352 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996). Failure to establish all three prongs results in failure of the claim. *Id.*

Appellant argues that trial counsel should have challenged the sufficiency of the evidence because the Commonwealth's case rested entirely on the testimony of Officer Frey, and no other evidence confirmed his possession of a concealed firearm. As noted above, Officer Frey testified that she observed Appellant wearing a vest; that Appellant removed the vest and handed it to his friend; and that back-up officers retrieved a firearm from inside the vest after Officer Frey retrieved it from Appellant's friend. Where a defendant challenges the sufficiency of the evidence in support of a conviction,

the reviewing court must view the evidence in the light most favorable to the Commonwealth as verdict winner, and the court cannot reweigh the evidence or make credibility determinations. *Commonwealth v. Kane*, 10 A.3d 327, 332 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011). Given the strictures governing a sufficiency of the evidence challenge, the reviewing court would not have been free to discredit Officer Frey's testimony or reweigh it in light of any other relevant evidence. Because Officer Frey's testimony was more than sufficient to establish that Appellant was in possession of a concealed firearm, any challenge to the sufficiency of the evidence was doomed to failure. We reject Appellant's assertion of ineffective assistance of counsel because the underlying issue lacks arguable merit.

Discerning no error in the PCRA court's decision, we affirm the order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2018