J-S31037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES CRAGER | : | |
| | : | |
| Appellant | : | No. 3760 EDA 2017 |

Appeal from the PCRA Order September 14, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0519951-1983

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED OCTOBER 19, 2018**

Appellant, James Crager, appeals from the September 14, 2017 Order dismissing his fourth Petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  After careful review, we affirm.

On November 16, 1983, a jury convicted Appellant of First-Degree Murder.[1]  On February 22, 1984, the trial court sentenced Appellant to life imprisonment without the possibility of parole.

On June 7, 1985, this Court affirmed Appellant's Judgment of Sentence. On October 31, 1985, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal.  Appellant did not seek review by the U.S.

---

[1] **See** 18 Pa.C.S. § 2502(a).

Supreme Court. His Judgment of Sentence, thus, became final almost 33 years ago, on December 30, 1985.[2]

Between 1985 and 2017, Appellant filed three unsuccessful petitions for collateral relief.

On July 17, 2017, Appellant filed the instant *pro se* PCRA Petition in which he alleged that he is serving an illegal mandatory minimum sentence, and that his counsel was ineffective for failing to challenge at trial and on direct appeal the imposition of an illegal sentence. Petition, 7/17/17, at 2-3.

On August 11, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Appellant's Petition without a hearing as untimely. Appellant did not file a Response to the PCRA court's Rule 907 Notice.

On September 14, 2017, the PCRA court dismissed Appellant's Petition as untimely. This appeal followed.

Appellant raises the following issue on appeal:

[] Did trial counsel know, and/or should [] have known, that the mandatory minimum sentence was without statutory authority?

Appellant's Brief at 7.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of

---

[2] 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review); former U.S.Sup.Ct.R. 20.1. (effective August 1, 1984) (petition for writ of *certiorari* to review the judgment of sentence is deemed timely when it is filed within sixty days after discretionary review has been denied by highest state court).

legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA Petition. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008).

A PCRA Petition must be filed within one year of the date the underlying Judgment becomes final; a Judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). However, the PCRA provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). For a petitioner to avail himself of one of the exceptions, he must file his petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). However, all claims cognizable under the PCRA, including a legality of sentencing issue, must be raised in a timely filed PCRA Petition over which we have jurisdiction. ***See*** 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant's Petition, filed more than 20 years after his Judgment of Sentence became final, is facially untimely.

Appellant has not invoked or argued any that timeliness exception applies to his claim challenging the legality of his sentence.[3] Rather, in both his Petition and in his Brief to this Court, Appellant asserts that "[t]he statute of limitations does not bar this action, as a challenge to an illegal sentence can be brought at any time." *See* Petition at 3; Appellant's Brief at 13. Such a bare allegation fails to satisfy any of the timeliness exceptions. Accordingly, we are without jurisdiction to review Appellant's issue.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/18

---

[3] Although Appellant cites *Alleyne v. United States*, 570 U.S. 99 (2013), in his Brief to this Court, he concedes that the holding in *Alleyne* does not apply retroactively. *See* Appellant's Brief at 13.

[4] To the extent that, subsumed within Appellant's illegal sentence claim is a challenge to the effectiveness of his trial counsel, Appellant has likewise failed to plead and prove the applicability of any exception to the PCRA's time-bar that would confer jurisdiction on this court to address this claim.