J-S26028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN RICHARD | : | |
| | : | |
| Appellant | : | No. 1759 MDA 2023 |

Appeal from the PCRA Order Entered December 1, 2023
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000016-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN  RICHARD | : | |
| | : | |
| Appellant | : | No. 1760 MDA 2023 |

Appeal from the PCRA Order Entered December 1, 2023
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000708-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN  RICHARD | : | |
| | : | |
| Appellant | : | No. 1761 MDA 2023 |

Appeal from the PCRA Order Entered December 1, 2023
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000711-2013

MEMORANDUM PER CURIAM:                    **FILED: FEBRUARY 5, 2025**

Appellant, Ryan Richard, appeals from an order entered on December 1, 2023, which dismissed his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

Appellant pled guilty in 1989 to third-degree murder in the killing of his wife at their Berks County home. He was scheduled to be released from prison in December 2012. At some point before his release from prison, Appellant mailed two letters to his now deceased mother.[1] The first letter, which was undated and listed Appellant's mother as the intended addressee (the "First Letter"), contained threats aimed at several individuals involved in the criminal proceedings which lead to Appellant's 1989 guilty plea. The First Letter also outlined a plan to break into a home, kill the occupants, and kill any responding police officers. The second letter, which also was undated but addressed to Appellant himself (the "Hit List Letter"), contained death threats targeting multiple individuals involved in Appellant's 1989 murder conviction, together with Appellant's plans for killing several of the named individuals upon his release from incarceration.[2]

---

[1] Appellant's mother passed away in January 2010.

[2] The targeted individuals included "a former Berks County judge, the former Berks County District Attorney, a retired state trooper, Appellant's former defense counsel, girlfriend and brother, and several others." *Commonwealth v. Richard*, 150 A.3d 504, 507 (Pa. Super. 2016).

Following the death of Appellant's mother in January 2010, the First Letter and the Hit List letter were discovered by Appellant's brother, Russell Richard ("Russell"). Russell, in turn, produced the letters to the Pennsylvania State Police, who alerted the individuals to whom threats had been directed. On December 13, 2012, upon release from prison, Appellant was arrested and charged with eight counts of terroristic threats and eight counts of harassment related to the letters.[3] The charges were filed at Center County docket number CP-14-CR-0016-2013, a case which we shall refer to as the "Letters Charges" at docket "16-2013." While awaiting trial on the Letters Charges, Appellant moved to dismiss the case, claiming that the letters were written outside the five-year limitations period. On April 2, 2013, the trial court convened a hearing on Appellant's motion, at which Russell testified.[4]

Two days later, on April 4, 2013, Appellant made an unmonitored telephone call to his estranged daughter, Robyn Apgar, from his counselor's office in the prison. During the conversation, Appellant directed threatening remarks toward his daughter. In addition, Appellant threatened Russell about his recent testimony at the hearing held on April 2, 2013. On April 10, 2013, Appellant was charged with two additional counts of terroristic threats, filed at docket number CP-13-CR-0708-2013 ("708-2013"), and one count of

---

[3] 18 Pa.C.S.A. §§ 2706(a)(1) (terroristic threats) and 2709(a)(1) (harassment).

[4] The trial court denied Appellant's request to dismiss the Letters Charges on June 13, 2013.

witness intimidation,[5] filed at docket number CP-14-CR-0711-2013 ("711-2013"). Collectively, we shall refer to these charges as the "Telephone Charges."

The Letters Charges and the Telephone Charges were consolidated for trial in November 2014. At trial, the Commonwealth focused largely on the contents of the First Letter and the Hit List Letter. At the close of the Commonwealth's case, Appellant moved for acquittal in the Letters Charges case, renewing his contentions based upon the statute of limitations. The trial court granted Appellant's motion on one count of terroristic threats, and, at the conclusion of trial, Appellant was found not guilty of the remaining seven counts of terroristic threats at docket 16-2013. The jury found Appellant guilty of the two counts of terroristic threats at 708-2013 and the witness intimidation charge docketed at 711-2013. On August 6, 2015, Appellant received an aggregate sentence of seven to 17 years' incarceration. On November 15, 2016, this Court affirmed Appellant's judgment of sentence on direct appeal, **see Commonwealth v. Richard**, 150 A.3d 504 (Pa. Super. 2016), and Appellant did not seek allowance of appeal with the Supreme Court.

Acting *pro se*, Appellant filed a timely, first petition for collateral relief under the PCRA on January 6, 2017. The PCRA court appointed counsel, who amended the petition on November 21, 2017. A two-day hearing was

_____

[5] 18 Pa.C.S.A. § 4952(a).

conducted in November 2018, and the PCRA court denied the petition on July 15, 2019. On August 13, 2019, Appellant filed two separate notices of appeal at 708-2013 and 711-2013 but did not appeal at 16-2013. This Court affirmed the dismissal of Appellant's petition on September 29, 2020, and the Supreme Court denied review on February 10, 2021. **See Commonwealth v. Richard**, 240 A.3d 988 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 244 A.3d 1228 (Pa. 2021).

Appellant filed, *pro se*, a second petition for collateral relief on March 29, 2021. Appointed counsel filed an amended petition on August 27, 2021. The thrust of the second petition was that Appellant's first PCRA counsel was ineffective in failing to preserve for appeal claims relating to the Hit List Letters at 16-2013. Appellant viewed these claims as interwoven with his convictions at the other two dockets and critical to his prospects for obtaining collateral relief. **See** Appellant's Brief at 6-7. The PCRA court denied the petition without a hearing on January 31, 2022. No appeal was taken from the denial of Appellant's second petition.

Appellant filed a third petition for relief under the PCRA on December 1, 2022. The petition requested reinstatement of Appellant's right to appeal the denial of his second petition for collateral relief. To support his claim, Appellant alleged that he asked counsel on his second petition to appeal the PCRA court's January 31, 2022 dismissal order. Appellant further alleges that counsel was ineffective in failing to carry out his request. A third collateral relief counsel was appointed to represent Appellant, but that attorney

- 5 -

withdrew when a fourth appointment was made. Following an evidentiary hearing, the PCRA court denied Appellant's third petition on December 1, 2023. In an opinion that accompanied the dismissal order, the court credited the testimony offered by counsel on Appellant's second petition, who explained that she advised Appellant to forgo an appeal because it was unlikely to succeed and could imperil Appellant's efforts to secure parole. **See** Trial Court Opinion, 12/1/23, at 2 and 5. The court also credited counsel's testimony that Appellant agreed with her recommendations and that he failed to respond to counsel's written communication confirming that no appeal would be taken. **See id.** at 5. Under these circumstances, the court concluded that Appellant failed to meet his burden in establishing that counsel had been ineffective. **See id.** at 5. This timely appeal followed.[6]

Appellant argues that the PCRA court wrongly refused to reinstate his appellate rights since the evidence did not show he agreed to forgo an appeal. **See** Appellant's Brief at 22-23. We need not examine the substantive merit of Appellant's position, however, as we conclude that Appellant's second petition was untimely and not subject to exception under 42 Pa.C.S.A. § 9545. As such, neither the PCRA court nor this Court possess jurisdiction over Appellant's claims and his second petition was properly dismissed.

Our scope and standard of review of the denial of a PCRA petition are well-settled:

---

[6] The PCRA court and Appellant have complied with Pa.R.A.P. 1925.

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

Initially, we consider whether Appellant's third petition was timely filed and, if not, whether any exceptions to the PCRA time bar have been pled and proven in this case. *See* 42 Pa.C.S.A. § 9545(b) (any and all PCRA petitions shall be filed within one year of when judgment becomes final, unless petitioner pleads and proves exception); *see also Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007) (when petitioner files untimely petition, jurisdictional limits of PCRA render claim incapable of review).

Under the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. See 42 Pa.C.S.A. § 9545(b)(2).

There are three statutory exceptions to the PCRA's one year time-bar: (i) petitioner's failure to raise the claim was due to governmental inference in violation of either the Pennsylvania or United States Constitution; (ii)

- 7 -

petitioner's claim is based upon facts unknown to petitioner and could not have been ascertained by the exercise of due diligence; or, (iii) petitioner asserts a constitutional right not previously recognized by either Pennsylvania or the United States Constitution and that right applies retroactively.  ***See*** 42 Pa.C.S.A. §§ 9545(b)(i)-(iii).

On November 15, 2016, this Court affirmed Appellant's judgment of sentence.  Therefore, he had 30 days, or until December 15, 2016, to appeal to the Pennsylvania Supreme Court, which he did not do.  ***See*** Pa.R.A.P. 1113(a).  Appellant, thereafter, had one year, or until December 15, 2017, to file a petition seeking collateral relief under the PCRA.  ***See*** 42 Pa.C.S.A. § 9545(b).  Because Appellant filed this, his third, petition on December 1, 2022, it is patently untimely.

Instantly, Appellant appeals from an order that dismissed a patently untimely PCRA petition.  Moreover, he has neither pled nor proved an exception to the PCRA's jurisdictional time bar.  Therefore, his second petition for collateral relief under the PCRA was subject to dismissal because the PCRA court lacked jurisdiction to address the merits.[7]

_____

[7] The recent decision of our Supreme Court in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021) does not support jurisdiction over Appellant's untimely third petition.  In ***Bradley***, the petitioner appealed from the denial of a **timely-filed** first PCRA petition, raising a claim of prior PCRA counsel's ineffectiveness.  The Pennsylvania Supreme Court concluded that this claim was not waived: "a petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting ***pro se***, raise claims of PCRA counsel's
*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/5/2025

---

ineffectiveness at the first opportunity to do so, even if on appeal." ***Id.*** at 401. A concurring opinion in ***Bradley*** emphasized that the Court's decision did "not create an exception to the PCRA's jurisdictional time-bar." ***Id.*** at 406 (Dougherty, J., concurring). Moreover, this Court has consistently rejected the notion that ***Bradley*** expanded jurisdiction under the PCRA. ***See Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa. Super. 2023) ("Nothing in ***Bradley*** creates a right to file a [] PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right."); ***see also Commonwealth v. Johnson***, 293 A.3d 630, *3 (Pa. Super. 2023) (noting that, consistent with Justice Dougherty's concurring opinion, "this Court has declined to extend the holding of ***Bradley*** to cases involving untimely or serial PCRA petitions") (unpublished memorandum decision). Pursuant to Pa.R.A.P. 126, unpublished non-precedential decisions of the Superior Court published after May 1, 2019, may be cited for persuasive value.