J-S45015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER JAMES SOROKAPUT | : | |
| | : | |
| Appellant | : | No. 1758 MDA 2023 |

Appeal from the PCRA Order Entered November 28, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000645-2019

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED: MARCH 19, 2025**

Appellant, Peter James Sorokaput, appeals *pro se* from the order entered in the Criminal Division of the Court of Common Pleas of Schuylkill County on November 28, 2023, that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A prior panel of this Court briefly summarized the relevant facts and procedural history as follows:

> [O]n November 21, 2019, Appellant pleaded guilty to three counts of rape of a child, two counts of aggravated indecent assault, two counts of incest of minor under the age of 13 years, two counts of corruption of minors, two counts of endangering the welfare of children, two counts of indecent assault, and four counts of indecent exposure.[1] On December 13, 2019, the trial court sentenced Appellant to an aggregate term of 30 to 60 years' imprisonment. Appellant did not file

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 4302(b)(1), 6301(a)(1) (ii), 4304(a)(1), 3126(a)(7), and 3127(a), respectively.

[a] post-sentence motion. Instead, he timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising a single assertion of error whereby he challenged only the discretionary aspects of sentencing. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.[2]

***Commonwealth v. Sorokaput***, 241 A.3d 421 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 252 A.3d 1077 (Pa. 2021), *cert. denied*, ***Sorokaput v. Pennsylvania***, 142 S. Ct. 172, 211 L. Ed. 2d 68 (Oct. 4, 2021).

Finding Appellant had waived his challenges to the discretionary aspects of his sentence and to the voluntariness of his guilty plea, this Court affirmed Appellant's judgment of sentence on October 14, 2020.[3] ***See id***. On October 21, 2020, Appellant's counsel filed an [a]pplication for [r]eargument with this Court which was denied on December 17, 2020. Appellant filed a [p]etition for [a]llowance of [a]ppeal to the Pennsylvania Supreme Court, and the Court denied the same on April 21, 2021. The United States Supreme Court denied Appellant's writ of certiorari on October 4, 2021.

Prior to the resolution of his direct appeal, Appellant filed numerous *pro se* motions including a [m]otion for [l]eave to [f]ile [post-sentence m]otion [*nunc pro tunc*] which the trial court treated as a request for post-conviction relief. Counsel was appointed and ultimately filed a motion to withdraw on January 27, 2021. Thereafter, on February 5, 2021, Appellant filed a *pro se* [m]otion for [post-conviction collateral relief]. On December 1, 2021, the trial court reinstated Appellant's PCRA [p]etition and re-appointed PCRA counsel. On December 17, 2021, PCRA counsel filed an [a]mended PCRA [p]etition wherein he raised various claims of ineffective assistance of trial counsel.

---

[2] The victims of Appellant's sexual abuse were his daughters who were ages four and six at the time.

[3] We found the sentencing issue waived as it had not been raised during the sentencing hearing or in a timely post-sentence motion to modify Appellant's sentence. We deemed the challenge to the voluntary nature of Appellant's guilty plea waived due to Appellant's failure to include it in his Rule 1925(b) Statement. ***See*** Pa. R.A.P.1925(b)(vii).

A PCRA hearing was held on February 24, 2022, at which time trial counsel testified, and Appellant presented testimony on his own behalf. Following the hearing, the PCRA court denied Appellant's petition on March 23, 2022. Appellant filed a timely appeal on April 19, 2022, and both he and the [PCRA court] complied with Pa.R.A.P. 1925. [Upon review, this Court affirmed the dismissal of Appellant's petition for collateral relief].

*Commonwealth v. Sorokaput*, 284 A.3d 922, *1 (Pa. Super. 2022) (non-precedential decision) (footnotes in original), *appeal denied*, 292 A.3d 552 (Pa. 2023).

Appellant, acting *pro se*, filed the instant petition for collateral relief on October 24, 2023, his second. On October 30, 2023, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule 907. Thereafter, on November 28, 2023, the court dismissed Appellant's petition. In its dismissal order, the court explained:

[Appellant] pled generally to all charges on November 21, 2019. On December 13, 2019, [Appellant] was sentenced to an aggregate term of 30-60 years in a state correctional institution. [Appellant] filed a direct appeal. His sentence became final after his appeal to the [United States] Supreme Court was denied on October 4, 2021. He filed a timely PCRA petition, which was denied by [the PCRA court] after hearing on March 23, 2022. [Appellant] subsequently appealed this decision, and it was affirmed by the Pennsylvania Superior Court on August 16, 2022. [Appellant filed] his second PCRA petition [on October 24, 2023, although it needed to be filed within one year of the date his judgment of sentence became final, which was no later than October 4, 2022]. 42 Pa.C.S.A. § 9545(b)(1). [Appellant therefore] failed to timely file this PCRA petition and [did not assert that any exception to the PCRA's one-year time bar applied in this case. Hence, the PCRA court lacks] jurisdiction to hear [Appellant's] claim.

Even if the petition was timely, his petition mirrors almost word for word his previous PCRA petition and the issues have already been fully litigated. [*See* 42 Pa.C.S.A. § 9543(a)(3). The PCRA court] already entered an [o]pinion and [o]rder on these issues dated March 23, 2022, and the Superior Court affirmed that decision [on August 16, 2022].

PCRA Court Order, 11/28/23. This timely appeal followed.[4]

Our scope and standard of review of the denial of a PCRA petition are well-settled:

[O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

We consider first whether Appellant's second petition was timely filed and, if not, whether any exceptions to the PCRA time bar have been pled and proven. *See* 42 Pa.C.S.A. § 9545(b) (any and all PCRA petitions shall be filed within one year of when judgment becomes final, unless petitioner pleads and proves exception); *see also Commonwealth v. Jones*, 932 A.2d 179, 182

_____

[4] On January 3, 2024, the PCRA court issued an order pursuant to Pa.R.A.P. 1925 in which it explained that the issues raised in Appellant's appeal were fully addressed in the dismissal order filed on November 28, 2023. Hence, the court did not direct Appellant to file a concise statement of errors complained of on appeal.

(Pa. Super. 2007) (when petitioner files untimely petition, jurisdictional limits of PCRA render claim incapable of review).

Under the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. See 42 Pa.C.S.A. § 9545(b)(2).

There are three statutory exceptions to the PCRA's one year time-bar: (i) petitioner's failure to raise the claim was due to governmental inference in violation of either the Pennsylvania or United States Constitution; (ii) petitioner's claim is based upon facts unknown to petitioner and could not have been ascertained by the exercise of due diligence; or, (iii) petitioner asserts a constitutional right not previously recognized by either Pennsylvania or the United States Constitution and that right applies retroactively. **See** 42 Pa.C.S.A. §§ 9545(b)(i)-(iii).

We have carefully reviewed the PCRA court's dismissal order entered on November 28, 2023, the submissions of the parties, and the certified record. Based upon our review, we conclude that the PCRA court correctly determined that Appellant's petition was patently untimely and that he has neither pled nor proven an exception to the PCRA's jurisdictional time bar. Therefore,

Appellant's second petition for collateral relief under the PCRA was subject to dismissal because the PCRA court lacked jurisdiction to address the merits.

Order affirmed. Applications for relief, filed *pro se*, are denied.

Judgment Entered.

signature

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/19/2025