J-S06022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE SANTIAGO | : | |
| | : | |
| Appellant | : | No. 1421 EDA 2018 |

Appeal from the PCRA Order April 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0511821-1995

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED MAY 21, 2019**

Appellant, Jamie Santiago, appeals *pro se* from the April 17, 2018 Order, entered in the Court of Common Pleas of Philadelphia County, dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  After careful review, we affirm.

The facts and procedural history are, briefly, as follows.  On May 29, 1997, following Appellant's jury conviction of First-Degree Murder, Possessing an Instrument of Crime, and Criminal Conspiracy,[1] the trial court sentenced Appellant to an aggregate term of life imprisonment without parole.  Appellant was 23 years old at the time he committed the instant crimes.

On February 8, 1999, this Court affirmed Appellant's Judgment of Sentence.  ***See Commonwealth v. Santiago***, 737 A.2d 812 (Pa. Super. 1999) (unpublished memorandum).  Appellant did not file a Petition for

_____

[1] 18 Pa.C.S. §§ 2502, 907, and 903(a), respectively.

Allowance of Appeal with the Pennsylvania Supreme Court. Thus, Appellant's Judgment of Sentence became final on March 10, 1999.[2]

Appellant filed his first PCRA Petition on September 22, 2004. On September 9, 2005, the PCRA court dismissed the Petition as untimely. On October 10, 2006, this Court affirmed the PCRA court's Order. **See Commonwealth v. Santiago**, 913 A.2d 946 (Pa. Super. 2006) (unpublished memorandum).

On August 10, 2012, Appellant filed *pro se* the instant PCRA Petition, his second. Invoking **Miller v. Alabama**, 567 U.S. 460, 471 (2012),[3] Appellant asserted that he is serving an illegal sentence and that he satisfied the PCRA's time bar exception for newly-recognized constitutional rights. **See** Petition, 8/10/12, at 2; Memorandum of Law, 8/2/12, at 1-13. **See also** 42 Pa.C.S. § 9545(b)(1)(iii). Appellant conceded that he was over 18 years old at the time he committed the crimes for which he is serving a life sentence, but argued that the **Miller** holding should apply to him because "[t]he fact is, no one is an adult until age 25, at the earliest." Memorandum of Law at 9.

_____

[2] **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903.

[3] In **Miller**, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under 18 years old. **Miller**, 567 U.S. at 470. In **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), the U.S. Supreme Court held that its decision in **Miller,** *supra,* applies retroactively. **Montgomery**, 136 S.Ct. at 732.

On September 25, 2017, the PCRA court notified Appellant of its intent to dismiss his Petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a Response to the court's Rule 907 Notice. On April 17, 2018, the PCRA court dismissed Appellant's Petition as untimely. This timely *pro se* appeal followed.[4]

Appellant raises five issues, each of which challenges the PCRA court's conclusion that it lacked jurisdiction to consider Appellant's untimely **Miller** claim, and dismissing his Petition as untimely. Appellant's Brief at i-ii.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

Before we may consider the merits of Appellant's claims, we must determine whether there is jurisdiction to consider the PCRA petition. "The timeliness of a post-conviction petition is jurisdictional." **Commonwealth v. Furgess**, 149 A.3d 90, 92 (Pa. Super. 2016) (citation omitted). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment became final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the

---

[4] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.

PCRA,[5] and the petitioner filed the petition within 60 days of the date the exception could first have been presented.[6]

As long as this court has jurisdiction over the matter, a legality of sentence issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. ***See*** 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737

---

[5] **(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[6] ***See*** 42 Pa.C.S § 9545(b)(2). Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

- 4 -

A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); *Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition).

Appellant's Petition, filed more than 13 years after his Judgment of Sentence became final, is facially untimely. By invoking *Miller*, Appellant asserts that his Petition falls within the timeliness exception provided in Section 9545(b)(1)(iii), *i.e.*, a newly recognized constitutional right, which is retroactive in application. *See* Appellant's Brief at 7 (citing *Miller*, *supra* and *Montgomery, supra*.). This claim fails.

*Miller* only applies to individuals who were juveniles, *i.e.*, under 18 years old, when they committed the crime on which their current conviction is based. *See Commonwealth v. Lawson*, 90 A.3d 1, 6 (Pa. Super. 2014). Further, this Court has previously refused to render relief on an appellant's brain science argument. *See Commonwealth v. Furgess*, 149 A.3d at 94 (rejecting the 19-year-old appellant's argument based on neuroscientific theories of brain development that he is entitled to PCRA relief because he was a "technical juvenile" at the time he committed his crimes).

Because *Miller* and *Montgomery* are not applicable to Appellant, he has failed to plead and prove the applicability of any of the PCRA's timeliness

- 5 -

exceptions.  Therefore, we are without jurisdiction to consider the merits of this appeal.

Accordingly, the PCRA court properly dismissed Appellant's Petition as untimely.  We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/19