J-S21028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLES LUCAS | : | |
| | : | |
| Appellant | : | No. 1348 WDA 2019 |

Appeal from the PCRA Order Entered May 21, 2019
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000053-2006

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                         **FILED MAY 18, 2020**

Appellant, Charles Lucas, appeals *pro se* from the May 21, 2019 Order that dismissed as untimely his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because Appellant's PCRA Petition was patently untimely and Appellant has failed to plead and prove an exception to the PCRA time bar, we affirm the PCRA court's dismissal.

This Court previously set forth the underlying factual and procedural history in our Memorandum denying Appellant relief on direct appeal.  ***See Commonwealth v. Lucas***, No. 1254 WDA 2015, unpublished memorandum, at 1-3 (Pa. Super. filed June 2, 2016).  Briefly, on February 15, 2006, Appellant pled guilty to four counts of Burglary and on July 10, 2006, the trial court sentenced Appellant to an aggregate term of 6 to 12 months' imprisonment followed by 9 years' probation.  On February 20, 2008, following new criminal charges, the violation of probation ("VOP") court revoked

Appellant's probation and resentenced Appellant to an aggregate term of 1-2 years' incarceration, followed by 5 years' probation. On February 17, 2015, again following new criminal charges, the VOP court held a *Gagnon I*[1] hearing, and ordered Appellant to remain incarcerated pending the outcome of the new charges on the two counts of misdemeanor Theft. On June 17, 2015, the court held a *Gagnon II* hearing and took judicial notice of Appellant's guilty plea to the above charges. On July 1, 2015, the trial court revoked Appellant's probation, and resentenced Appellant to three consecutive sentences of 5 to 10 years' imprisonment, for an aggregate sentence of 15 to 30 years' imprisonment.

Appellant filed a timely notice of appeal and on June 2, 2016, this Court affirmed Appellant's Judgment of Sentence. *See Lucas*, *supra*. Appellant did not seek review by the Pennsylvania Supreme Court. Thus, his sentence became final on July 2, 2016. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken.").

On April 15, 2019, Appellant filed the instant *pro se* PCRA Petition, his second, alleging that his VOP sentence is illegal. PCRA Petition, 4/15/19, at

---

[1] *Gagnon v. Scarpelli,* 411 U.S. 778 (1973) (setting forth the procedural requirements for probation and parole revocations).

2.  On April 17, 2019, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intention to Dismiss Second PCRA Petition without a hearing, to which Appellant filed a Response. On May 21, 2019, the PCRA court issued an Order dismissing Appellant's PCRA as untimely.

Appellant filed the instant *pro se* Notice of Appeal. Appellant and the trial court both complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I.   PCRA Court erred when it deemed [A]ppellant's 2nd PCRA [P]etition untimely where all documents presented by appellant demonstrated that the petition as timely.

II.  Court erred in resentencing [A]ppellant to a consecutive sentence where initial sentence was concurrent.

III. Resentence exceeds suspended sentence from original plea agreed to in Feb[r]uary of 200[]6, thus violating **Santobello v. Ne[w] York**, 404 U.S. 257 (1971).

Appellant's Br. at 5 (unpaginated).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. *See* 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed almost three years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

We note that even though a defendant cannot waive a legality of sentence issue, we do not have jurisdiction to review the legality of a sentence in a PCRA petition unless it is timely raised. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007); *see* 42 Pa.C.S. § 9545(b); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." (citation omitted)).

Instantly, Appellant fails to acknowledge the untimeliness of his PCRA petition or invoke any exception. Appellant's claim that his sentence was illegal, without more, fails to overcome the time bar. *See Jones*, *supra*; *Fahy*, *supra*.

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's Petition. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2020