J-S54041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXIS MENDOZA | : | |
| | : | |
| Appellant | : | No. 1007 MDA 2020 |

Appeal from the PCRA Order Entered July 9, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004718-2009

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED FEBRUARY 10, 2021**

Alexis Mendoza ("Mendoza"), *pro se*, appeals from the Order denying his third Petition for relief filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

On January 15, 2010, Mendoza was sentenced to an aggregate term of six to twenty years in prison, plus an aggregate fine of $200, following his guilty plea to two counts of robbery.  Mendoza did not file a direct appeal.

Following two unsuccessful PCRA Petitions, on May 27, 2020, Mendoza, *pro se*, filed the instant PCRA Petition, his third.  On June 17, 2020, the PCRA court issued a Notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Mendoza's PCRA Petition without a hearing.  On July 8, 2020, the PCRA court entered an Order dismissing Mendoza's PCRA Petition as untimely filed.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Mendoza filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b)

Concise Statement of matters complained of on appeal.

Mendoza raises the following issues for our review:

1. Did the [PCRA] court err by dismissing [Mendoza]'s P[etition] without holding a hearing?

2. Was trial counsel ineffective for not filing sentenceing [*sic*] modification?

3. Was trial counsel ineffective for not filing post[-]sentence [m]otions?

4. Did the [trial court] took [*sic*] into consideration the history of mental illness of [Mendoza]?

Brief for Appellant at 4 (unnecessary capitalization and argument omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

Initially, under the PCRA, a PCRA petition, "*including a second or*

*subsequent petition*, shall be filed within one year of the date the judgment of

sentence becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A

judgment of sentence becomes final "at the conclusion of direct review, … or

at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). The

PCRA's timeliness requirements are jurisdictional in nature, and a court may

- 2 -

not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Mendoza's judgment of sentence became final in February 2010, when the time for filing a direct appeal with this Court expired. *See* Pa.R.A.P. 903(a) (stating that an appellant's notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). Mendoza's instant Petition, filed more than nine years after his judgment of sentence became final, is therefore facially untimely.

Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Mendoza raises several claims in his appellate brief, none of which identify or invoke any of the timeliness exceptions set forth at section 9545(b)(1)(i)-(iii). Therefore, we lack jurisdiction to address the merits of these claims. *See Albrecht*, *supra*; *see also Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007) (stating that when a petitioner challenges the legality of his sentence in an untimely PCRA petition, "the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim

incapable of review."), ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000) (stating that claims of ineffective assistance of counsel will not "save an otherwise untimely petition for review on the merits.") (citation omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2021